IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,
    Plaintiff

vs.                      CIVIL ACTION NO. 1:CV-00-0700

JANET RENO, et al.,
    Defendants

FILED
HARRISBURG, PA
FEB 1 5 2001
MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

    The pro se plaintiff, Mark Garnes, an inmate at FCI-Fort Dix, filed this civil rights action seeking damages for alleged violations of his right to due process, equal protection, and access to the courts. Garnes has named fifteen Defendants in their official and individual capacities: Janet Reno (United States Attorney General), Kathleen Hawk (Director United States Bureau of Prisons), Jake Mendez (former FCI-Allenwood Warden), Michael Zenk (current FCI-Allenwood Warden), Warden Holder (Metropolitan Detention Center), Mike Nelson (Internal Affairs agent for the Bureau of Prisons), Connie Stevens (Internal Affairs agent for the Bureau of Prisons), former Special Investigation Services Lieutenant Zoda (Bureau of Prisons), T. Shimkus (unit manager at FCI-Allenwood), Correctional Officer Guyer (FCI-Allenwood), W. H. Lane (education supervisor for the Bureau of Prisons), R. Enders (education technician for the Bureau of

AO 72A
(Rev 8/82)

Prisons), Inmate Systems Management Staff Officer Fegley (FCI-Allenwood), Inmate Systems Management supervisor Metropolitan Detention Center (first and last name unknown to the Plaintiff), and Internal Affairs Agent Vernon (last name unknown to the Plaintiff).

The complaint sets forth four causes of action. We are required under 28 U.S.C. § 1915A to examine it for legal sufficiency. In doing so, we will dismiss three causes of action for failure to state a claim upon which relief may be granted and allow the fourth claim to proceed.

II. Background.

The Plaintiff's first claim is that he was unlawfully placed in administrative detention while he was imprisoned at FCI-Allenwood, Pennsylvania, for two periods of time of about two months each, from June 16, 1998, to August 12, 1998, and from August 19, 1999, to October 21, 1999. He was placed there the first time because the prison was investigating an employee of the prison's education department who allegedly had had sex with him, although the Plaintiff avers the charges were false. He was placed there the second time after returning from New York on August 19, 1999, having spent some time there on a writ to litigate a section 2255 motion. He was told he would receive a "Captain's review" and then was told he was being transferred because of the incident with the education-department employee.

2

However, the transfer never happened, and he was put back in general population on October 21, 1999. The Plaintiff contends that his placement in administrative detention on false charges violated his due process rights.

The Plaintiff's second claim is that he was deprived of his previous work assignment in the education department. After being released from administrative detention on October 21, 1999, the Plaintiff requested reassignment to the education department. Instead, he was assigned to construction and mechanical services for three days, and then assigned to the recreation department on October 30, 1999. The Plaintiff's repeated requests to be reassigned to the education department have been denied. The defendant Lane, the education department supervisor, has refused to allow him to return because of the alleged incident with the education-department employee. The Plaintiff contends that Lane's refusal to rehire him is an arbitrary and capricious violation of his right to due process and equal protection.

The Plaintiff's third claim is that he was denied access to the courts while he was litigating the 2255 motion in New York district court. In connection with his transfer to the Metropolitan Detention Center in Brooklyn, New York, for that purpose, the Plaintiff told Staff Officer Fegley that he would need his legal papers. On August 12, 1998, he was transported to the Metropolitan Detention Center, but his legal property did not arrive with him that day. On August 26, 1998, he received his

3

personal property, but most of his legal property was missing. Fegley told Unit Manager Baggott (at the Metropolitan Detention Center) that he would send the remaining legal papers. The legal property was then sent to the Metropolitan Detention Center numerous times only to be sent back to FCI-Allenwood. Ultimately, the property was mailed to the Plaintiff's home to his son.

Because he did not have all of his legal papers, the Plaintiff avers that, while he was able to file an appeal of the denial of his 2255 motion with the Second Circuit, he was unable "to file a complete appeal" with all the issues that the district court had decided against him. (Complaint at p. 12).

The Plaintiff's fourth claim is also one for denial of access to the courts. He avers that defendant Officer Guyer denied the Plaintiff a law library pass and that, as a result, the Plaintiff filed an administrative complaint on December 27, 1999. On January 14, 2000, defendant Shimkus, the unit manager, told him he had no right to the pass. At the end of that conversation, Plaintiff requested that the informal grievance resolution continue. He placed a complaint in Counselor Moser's desk, on February 25, 2000. Moser gave the complaint to Shimkus. On March 20, 2000, Shimkus told Plaintiff that he never received the complaint. However, thereafter, Guyer began to give him a law library pass.

III. <u>Discussion</u>.

The Plaintiff's first claim will be dismissed because it fails to state a claim upon which relief may be granted. The Plaintiff has no due process right not to be placed in administrative detention for periods of up to two months. See <u>Griffin v. Vaughn</u>, 112 F.3d 703 (3d Cir. 1997). It is not an "atypical and significant hardship in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418, 429-30 (1995). It is immaterial that the charge that led to the detention may have been false.

The second claim also has no merit. The Plaintiff has no constitutional right to any particular prison job. See <u>James v. Quinlan</u>, 866 F.2d 627, 630 (3d Cir. 1989) ("Traditionally, prisoners have had no entitlement to a specific job or even to any job."). The Plaintiff therefore cannot complain that defendant Lane arbitrarily denied him his education-department job.

The fourth claim also lacks merit. A valid claim of denial of access to the courts requires an actual injury; that a prison defendant actually prevented the inmate from filing a lawsuit or interfered with a pending lawsuit that adversely impaired it. See <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The Plaintiff's fourth claim only alleges that for some period of time defendant Guyer, with some assistance from defendant Shimkus, prevented him from using the law library.

5

This claim fails because it does not allege that the Defendants' conduct adversely interfered with any litigation the Plaintiff was pursuing.

The third claim may state a cause of action. It mentions specific litigation that was allegedly obstructed. This claim may therefore proceed, but only against defendant Fegley, the only defendant alleged to have had personal involvement in the violation.[1]

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date: February 15, 2001

---

[1] We recognize that this claim could perhaps be dismissed under 42 U.S.C. § 1997e for failure to exhaust administrative remedies. However, at this juncture, we are uneasy relying on section 1997e because this may represent a claim not subject to the section. See Perez v. Wisconsin Dep't of Corrs., 182 F.3d 532, 538 (7th Cir. 1999)(a wholly past injury that could not be remedied by anything prison officials could do now may not be subject to section 1997e).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,
    Plaintiff      :

:

vs.                :    CIVIL ACTION NO. 1:CV-00-0700

:

JANET RENO, et al.,      :
    Defendants      :

FILED
HARRISBURG, PA

FEB 1 5 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

O R D E R

AND NOW, this 15th day of February, 2001, upon consideration of the complaint under 28 U.S.C. § 1915A, it is ordered that:

    1. All claims are hereby dismissed except for the access-to-the-courts claim related to the Plaintiff's appeal of the denial of his 2255 motion.

    2. The Clerk of Court shall cause service of process to issue only on defendant Fegley. All other defendants are dismissed from this action. Service shall include the complaint and a copy of this order and the accompanying memorandum.

William W. Caldwell
United States District Judge

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 15, 2001

Re: 1:00-cv-00700   Garnes v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

Mark Garnes
FCI-FT DIX WEST
24646-053
P.O. Box 7000
Unit 5811
Ft. Dix, NJ  08640

```
cc:
Judge                          ( )         (✓) Pro Se Law Clerk
Magistrate Judge               ( )         ( ) INS
U.S. Marshal                   ( )         ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 (✓) with N/C attached to complt. and served by:
                                   U.S. Marshal (✓)   Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to: US Atty Gen   ( )   PA Atty Gen ( )
                                       DA of County  ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____        ( )
```

MARY E. D'ANDREA, Clerk

DATE: 2/15/01                                        BY: _____
                                                         Deputy Clerk