UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
―――――――――――――――――――――――――X
Mark Garnes,          :
    Plaintiff,       :
                      :
v.                    :        Docket No. 00-CV-0700(WWC)
                      :
Janet Reno, et al.,   :
    Defendants.      :
―――――――――――――――――――――――――X

MEMORANDUM OF LAW
IN SUPPORT

    Plaintiff asserts here that the Honorable Court has jurisdiction to adjudicate the matters herewith pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. <u>Barclays Bank P. C. v. 865 Cent. Ave. Assocs. Ltd.</u>, 26 F. S. 2d 712, 722 (D.N.J. 1998), noting that a motion for reconsideration "may be granted for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." <u>Tischio v. Bontex, Inc.</u> 16 F. S. 2d 511, 532 (D.N.J. 1998), "A party seeking reconsideration must show more than a disagreement with the Court's decison, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."

    Plaintiff notes that receipt of the Memorandum and the append Order was received via the Mail on February 21st, 2001.

1

In which, the 10 day period commencing thereon February 15th, 2001 would conclude thereon Mrch 2nd, 2001, due to he weekends and holidays intervening. Williams v. Vaughn, 3 F.S. 2d 579, (E.D. Pa. 1998)

Plaintiff here asserts that the Complaint being filed pro se, posits the pleadings to be viewed more liberally. To which, the failure of Plaintiff to clearly and precisely state the claim may be afforded herewith reconsideration of the matter. Plausibly the facts demonstrating the claims would substantiate therewith the chronological illustrations of additional constitutional violations. The fact that Plaintiff's job assignment was productive without complaints prior to the accusations of sexual conduct, posits the existence of the claims aforementioned and illustrated therein the complaint. Inclusive with this matter is the final claim noted for dismissal, Plaintiff noted that Officer Guyer and Unit Manager Shimkus' endeavors to impede Plaintiff's access to the courts expressed the claim thereof. "In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." Fanelle v. Lojack, Corp., 79 F.S. 2d 558, 560-561 (E.D. Pa. 2000), Where the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Plaintiff's Complaint, pages 14-16)

Positing here, Plaintiff avers that the Honorable Court may determine from the facts of the complaint that the facts are

supportive of the claims therein.

The defendants named therewith the placement of Plaintiff in the "SHU" thereon false information failed to follow procedural standards to substantiate the allegations, in which, it was well received that the inmate (Eugene Frazier) lied profusely to the administration handling the investigation in regards to the sexual conduct. Where the extended period thereafter return from the writ was in furtherance of violations. The administration was clearly aware of the inmate's false accusations. In which, conflicted with evidence produced, clearly evident due Plaintiff being released from the "SHU." "When an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand." Stevens v. McHan, 3 F. 3d 1204, 1206-1207 (8th Cir. 1993) Inmate Frazier was not considered prior to this matter or during this matter to be a reliable and/or credible informant, in which, the institution had exercised reliably on other instances. Whether the "objective" for the detainment in "SHU" was permissible is determined on the evidence thereof the inmate's credibility. Where the absent of a hearing was violative of Plaintiff's rights to due process. cf. Trobaugh v. Hall, 176 F. 3d 1087 (8th Cir. 1999)

Plaintiff's job assignment was highly conducive to the rehabilitative cycles for him personally as well the influx of inmates attending the classes tutored by Plaintiff, in conjunction therewith the "ACE" (Adult Continuing Education)

3

classes instructed thereby Plaintiff. The American Correcitonal Association enunciated that "prisons serve most effectively for the protection of society against crime when its major emphasis is on rehabilitation." To which, Plaintiff had taken full advantage of the job assignment therewith the Education Department as noted in the complaint. (Plaintiff's Complaint, pages 8-9) Plaintiff's job placement therein the Education Department was highly conducive to the preparation and future contributions to society as an upstanding citizen.

Seemingly, the denial of the reinstatement was retaliatory for the allegations of sexual conduct with a female staff member. Where various other inmates who worked the Education Department were permitted to return to their individual assignments therein after return from writ or release from "SHU."

Plaintiff submits that the efforts of his works are cognizable by the Department of Labor upon submission thereto, as warranted by 28 CFR 544.53. and .54. In which, assistance thereto the field of concern would be assisted accordingly.

The district court therein the Seventh Circuit illustrated that the due process clause itself does not afford prisoners a liberty or property interest in their jobs. However, where the allegations surpass procedural due process claims, in conjunction therewith additional constitutional violations, the claim may not be foreclosed. **Dewalt v. Carter**, 224 F. 3d 607, 613 (7th Cir. 2000) Where the Honorable Court therein **DeWalt** concluded that defendant need only "To state a cause of action for relatiatory

4

treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." Id. at 618. Plaintiff herein the instant case chronologically detailed, concisely the events therewith claim 2. Where the obvious was not to rehire due to the allegations, though not proven, such would be retaliatory thereby the actions of Mr. Lane and Mr. Enders, who have rehired former inmates and prior to my transfer several inmates of caucasian persuasion.

Plaintiff notes as to the final matter regarding the complaint and the Honorable Court's dismissal thereof for failure to state a claim. Reconsideration should be given herewith the matter. To which, Plaintiff was in the preparation stages of the appeal thereto the 28 U.S.C. § 2255 which was not granted accordingly. The actions of Officer Guyer and Unit Manager Shimkus impeded the matter of my access to the courts. Due to Plaintiff filing the appeal pro se suggest interference by the defendants noted. (Plaintiff's Complaint, Pages 11-12) "prisoner's right of access to courts may not be denied or obstructed." Johnson v. Avery, 393 U.S. 483, 485 (1969)

## CONCLUSION

For the reasons set forth herewith, Plaintiff respectfully request that the Honorable Court reconsider the dismissal of the claims for failure to state a claim upon which relief may be granted, thereby granting the additional claims accordingly.

5

Wherefore, Plaintiff respectfully request that the Honorable Court grant the dismissed claims in the interest of justice.

Respectfully submitted,

*[signature: Mark A. Garnes]*

DATED: February 23rd, 2001
Fort Dix, New Jersey

Mark A. Garnes - Pro Se
Reg. No. 24646-053
P.O. Box 7000-5812
FCI Fort Dix
Fort Dix, New Jersey  08640

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
―――――――――――――――――――――――――――X
Mark Garnes,                          :
       Plaintiff,                 :
                                  :     Affirmation of Service
   v.                                 :     Docket No. 00-CV-0700(WWC)
                                  :
Janet Reno, et. al.,                  :
       Defendants.                :
―――――――――――――――――――――――――――X

    I, Mark A. Garnes, Plaintiff, Pro Se, hereby certify under the penalty of perjury, that I have mailed via United States Mail, Plaintiff's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with the original and four copies being forward to the Clerk of the Court. Plaintiff notes here that due to the indigence, Plaintiff is unable to provide the copies equivalent per defendant. The aforementioned Motion has been forward to the following address:

MAILED TO:

Clerk of the Court
United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, Pa.           17108

DATED: February 25th, 2001
Fort Dix, New Jersey

Mark A. Garnes - Pro Se
Reg. No. 24646-053
P.O. Box 7000-5812
FCI Fort Dix
Fort Dix, New Jersey    08640