IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,
    Plaintiff

vs.                                  CIVIL ACTION NO. 1:CV-00-0700

JANET RENO, et al.,
    Defendants

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering the pro se Plaintiff's motion for reconsideration of our order of February 15, 2001. That order dismissed upon initial review under 28 U.S.C. § 1915A three of the Plaintiff's four civil-rights causes of action. The current motion seeks reinstatement of the three dismissed claims. The one claim left is a claim for denial of access to the courts against defendant Fegley.

    We have reviewed the Plaintiff's arguments and the cases cited and we adhere to our previous ruling that the three dismissed causes of action fail to allege legally cognizable claims. We see no need for discussion except for the Plaintiff's argument concerning his access-to-the-courts claim against defendants Guyer and Shimkus.

We had dismissed this claim because the Plaintiff had failed to allege that these defendants had caused an actual injury to nonfrivolous legal proceedings he had filed or contemplated filing, a requisite element for a First Amendment claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To meet the actual-injury requirement, an inmate has to allege that a defendant prevented him from initiating legal proceedings or filing an appeal, or that during the course of such proceedings the defendant's conduct obstructed success in the litigation in some material way. Id. at 351, 116 S.Ct. at 2180, 135 L.Ed.2d at 618 (noting as examples of actual injuries a complaint dismissed on technical grounds or not filed at all because of deficiencies in the prison law library); Allah v. Seiverling, 229 F.3d 220, 224 n.5 (3d Cir. 2000)(actual-injury requirement met by alleging that a deadline for filing a brief in a postconviction appeal was missed because of inadequate legal assistance for prisoners in administrative segregation).

In his reconsideration motion, the Plaintiff points us to pages 11 and 12 of his complaint, arguing that these pages set forth the necessary allegations against these defendants for impeding his appeal of the denial of a motion under 28 U.S.C. § 2255. We disagree.

By way of some background, the Plaintiff alleges that he was confined at SCI-Allenwood, Pennsylvania, when he twas transferred on August 12, 1998, to the Metropolitan Detention

2

Center, Brooklyn, New York, so that he could litigate a 2255 motion in the United States District Court for the Eastern District of New York. Defendant Fegley, an Allenwood property manager, sent his legal papers to the Plaintiff's home rather than to the detention center, thereby preventing the Plaintiff from raising all issues on his January 31, 2000, appeal from the denial of his 2255 motion.

At some point, the Plaintiff was returned to Allenwood. He alleges that Guyer on some unspecified day "threaten[ed] to deny [him] a pass for the Law Library," (complaint at p. 12), even though the Plaintiff told him he was "litigating in the courts." Id.). On January 14, 2000, the Plaintiff discussed the situation with Shimkus, his unit manager, who told him Guyer had discretion to deny him a pass, even though the Plaintiff had a deadline of February 3, 2000. Nonetheless, sometime after March 20, 2000, and after further attempts by the Plaintiff to grieve Guyer's interference with the Plaintiff's access to the law library, Guyer began to give the Plaintiff free access to the law library.

Based on the cited cases, it is obvious that these allegation fail to state a claim against Guyer and Shimkus for denial of access to the courts. The Plaintiff has failed to allege that the purported conduct of these defendants actually injured any legal proceedings the Plaintiff was pursuing. That they might have from time to time prevented full use of the library is not sufficient.

3

Accordingly, this 10th day of May, 2001, it is ordered that the Plaintiff's motion for reconsideration (doc. 12) is denied.

*William W. Caldwell* (signature)
William W. Caldwell
United States District Judge

4

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 10, 2001

Re: 1:00-cv-00700    Garnes v. Reno

True and correct copies of the attached were mailed by the clerk to the following:

```
Mark Garnes
FCI-FT DIX WEST
24646-053
P.O. Box 7000
Unit 5811
Ft. Dix, NJ  08640

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa  17108
```

```
cc:
Judge                         (/)           (/) Pro Se Law Clerk
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )   with N/C attached to complt. and served by:
                                    U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )   with Petition attached & mailed certified mail
                                    to:  US Atty Gen    ( )    PA Atty Gen ( )
                                         DA of County   ( )    Respondents ( )
Bankruptcy Court              ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: 5-10-01                                    BY: _____
                                                     Deputy Clerk