MCC:KLM:slg:2001V00253

# ORIGINAL

FILED
HARRISBURG, PA

MAY 2 9 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,                         :
           Plaintiff         :
                        :
                        :
         v.                  :     Civil No. 1:CV-00-0700
                        :     (Caldwell, J.)
JANET RENO, et al.,[1]                :
           Defendants        :

### STATEMENT OF MATERIAL FACTS

1.   Mark Garnes, an inmate formerly incarcerated at the Federal Correctional Institution ("FCI") Allenwood, White Deer, Pennsylvania,[2] filed this Bivens complaint.

2.   The defendant is Inmate Systems Officer Charles Fegley.

3.   On August 12, 1998, Garnes was sent on federal writ to the Metropolitan Detention Center ("MDC") Brooklyn, New York. (R. 6.)[3]

---

[1] By Order dated February 15, 2001, the Court dismissed three of Garnes' claims for failure to state a claim upon which relief may be granted and dismissed fourteen Bureau of Prisons defendants. The Court allowed the remaining claim against defendant Fegley to proceed.

[2] Garnes is currently incarcerated at the Federal Correctional Institution ("FCI") Fort Dix, New Jersey.

[3] "R. ___ " refers to Defendant's Record to Brief in Support of Defendant's Motion for Summary Judgment.

4.    In accordance with established Bureau of Prisons ("BOP") policy, when an inmate is on temporary leave, i.e., sent on a writ to a facility other than that to which he is designated, the inmate does not take all of his personal property with him.  (R.10, ¶6; R. 20; R. 22.)  Nevertheless, an inmate on temporary leave for court proceedings is permitted to retain essential legal materials. (R. 22.)

5.    On August 11, 1998, the day prior to Garnes' scheduled departure on writ to MDC Brooklyn, Garnes reported to receiving and discharge in order to pack his property.  (R. 9, ¶5.)

6.    At this time, Fegley conducted an inventory of Garnes' property in his presence.  (R. 9, ¶6; R. 24.)  As Fegley inventoried each item, he recorded the item on the Bureau of Prisons Form BP-383, entitled "Inmate Personal Property Record." (hereinafter "inventory form") (R. 10, ¶6; R. 24.)

7.    With the exception of two items (five soft cover reading books and two photo albums), all of Garnes' items were marked for "storage" as indicated by the "S" next to the item. (R. 10, ¶6; R. 24.)  Even though Garnes was allowed to bring "essential legal materials" with him on writ, Garnes elected to have this property stored.  This was indicated by marking "S" for "stored" on the inventory form.  Garnes verified the accuracy of this action by signing the inventory form.  (R. 10, ¶7; R. 24.)

8.   As indicated on the inventory form, most of Garnes' property was stored at FCI Allenwood with the exception of five books and two photo albums that were to be mailed to "T. Williams at 1139 Clay Ave. #21, Bronx, 10456."  (R. 24.)

9.  Garnes signed the inventory form on August 11, 1998, at 10:15 a.m. indicating that he agreed with the disposition of his property.  (R. 10, ¶7; R. 24.)

10.   Thus, on August 11, 1998, Garnes knew he was going to Brooklyn on writ to argue his §2255 motion, yet he left his legal material at FCI Allenwood for storage until his return. Contrary to Garnes' assertions, Fegley did not refuse to allow Garnes to take his legal materials with him.   If Garnes had requested to bring his legal materials with him, Fegley would have separated those materials from the remainder of his property, completed a manifest for the staff members from the bus crew to sign (to document they received the material), and he would have placed a copy of the manifest in Garnes' file.  (R. 11, ¶8.)

11.   Since Garnes signed the form stating that the property (including his legal materials) was to be stored, Fegley packed the property and it was placed in storage (except for the items that Garnes had indicated should be mailed to an address he had provided).  Garnes was then given a copy of the inventory form for his records.  (R. 11, ¶9.)

12.   On August 26, 1998, Garnes' Unit Manager at MDC Brooklyn telephoned Fegley and asked that he mail Garnes' legal materials to MDC Brooklyn. Out of an abundance of caution, Fegley mailed all of Garnes' property to MDC Brooklyn. Before mailing the property, Defendant Fegley modified the notations on the inventory form from "S" for "storage" to "M" for "mailed." In section 8 of the inventory form, Mr. Fegley wrote, "8/26/94 All property mailed to MDC Brooklyn Per Request."[4]  (R. 11, ¶10; R. 26.)

13.   On August 27, 1998 Garnes' property was mailed to MDC Brooklyn.   (R. 12, ¶11; R. 28.)   The United Parcel Service ("UPS") shipping record clearly indicates that three boxes were shipped to MDC Brooklyn with the reference of "Garnes" and Garnes' federal register number.  (R. 12, ¶12; R. 28.[5])

14.   On September 3, 1998, MDC Brooklyn received all of Garnes' personal property that was shipped from FCI Allenwood. The inventory form indicates that Garnes was permitted to keep his legal materials with him, as evidenced by the notation "K" for "keep in possession" next to the words "legal materials." As noted in block 7(e) of the inventory form, a MDC Brooklyn staff member noted "Rest of property returned back to institution (ALM). Inmate

---

[4]   The year written by Fegley was an error. For some unknown reason, Fegley wrote "94" rather than "98."

[5]   The name and register number of another inmate has been redacted.

4

here on writ." (R. 30.) The remaining property was mailed back to FCI Allenwood via UPS. (R. 30, block 7(e)).

15. Garnes signed the inventory form which reads, "I have today reviewed the property returned to me." (R. 30; block 10.) In addition, block 10 reads in part, "The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments." (R. 30.)

16. The inventory form indicates that Garnes received 18 inches of legal materials and that the remainder of his property would be shipped back to his designated institution, FCI Allenwood. Thus, Garnes did receive his legal materials at MDC Brooklyn, and the remainder of his property was mailed back to FCI Allenwood per BOP policy. The inventory form does not indicate exactly what the legal materials consisted of that Garnes received, however, it is clear that he did receive his legal materials and consented to the rest of his belongings being shipped back to FCI Allenwood. (R. 30.)

17. Although Fegley does not recall the exact date, he does recall that at some point Garnes' property was refused by

staff at MDC Brooklyn and Garnes' property, or portions thereof, was returned to FCI Allenwood. Fegley was **not** involved in this refusal. Since Garnes was still on writ and he would eventually return to FCI Allenwood, the returned property was once again stored. (R. 12, ¶13.)

18. Thereafter, in mid-October 1998, Fegley was again contacted by staff at MDC Brooklyn who asked that Garnes' property be sent back to MDC Brooklyn. Fegley does not recall personally re-mailing Garnes' property to MDC Brooklyn staff, nor does he recall handling Garnes' property at all after mailing it to MDC Brooklyn in August of 1998. (R. 12-13, ¶14.)

19. Records indicate that on two occasions Garnes requested that portions of his legal material be mailed to a personal residence. A "Request-Authorization to Mail Inmate Package" dated March 3, 1999 indicates that Garnes requested to have his legal materials mailed from MDC Brooklyn to Mr. Tyrone L. Williams in the Bronx, New York. Garnes signed this request and dated it March 3, 1999. This form does not detail what documents were mailed home, it simply refers to "legal material." (R. 30.)

20. A second "Request-Authorization to Mail Inmate Package" dated June 17, 1999 indicates that Garnes again requested to have some of his legal materials mailed out of MDC Brooklyn to a personal residence. This form indicates that on June 17, 1999 Garnes requested to have his "books, **legal material**, photos,

6

personal papers, mail" (emphasis added) shipped to Mr. Tyrone L. Williams in the Bronx, New York.  (R. 34.)

21.   On August 19, 1999, Garnes returned to FCI Allenwood.  (R. 6.)

22.   Furthermore, Garnes has not established that he suffered an actual injury and that his case was nonfrivolous. Garnes asserts that he was unable to file a complete appeal to his §2255 motion.  Yet, in his complaint Garnes fails to allege any specific facts to support his allegations; i.e., what legal papers were missing and how those materials would have affected the outcome of his court case.

23.   Moreover, on or about January 31, and April 12, 2000, respectively, Garnes filed his brief and appendix and a reply brief to the Second Circuit Court of Appeals as to his §2255 appeal.  In neither of these briefs did Garnes allege being denied access to his legal materials.  Nor did Garnes reference an inability to adequately present his claims due to missing legal materials.  (R. 35-58; 112-130.)

24.   Additionally, a review of the government's brief filed in regard to Garnes' §2255 appeal and of the June 29, 2000 summary order of the Second Circuit affirming the denial of Garnes'

§2255 motion establishes that Garnes' §2255 motion had no merit.

(R. 59-111; 184-188.)

                                    Respectfully submitted,

                                    MARTIN C. CARLSON
                                    United States Attorney


                                    KATE L. MERSHIMER
                                    Assistant U.S. Attorney
                                    SHELLEY GRANT
                                    Paralegal Specialist
                                    217 Federal Building
                                    228 Walnut Street
                                    Post Office Box 11754
                                    Harrisburg, PA 17108
                                    717/221-4482


Dated: May 29, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,                          :
            Plaintiff              :
                                  :
            v.                      :      Civil No. 1:CV-00-0700
                                  :      (Caldwell, J.)
JANET RENO, et al.,                   :
            Defendants              :

CERTIFICATE OF SERVICE BY MAIL

     The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

     That on May 29, 2001, she served a copy of the attached

**STATEMENT OF MATERIAL FACTS**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Harrisburg,
Pennsylvania.

Addressee:

Mark Garnes
Reg. No. 24646-053
FCI Ft. Dix West
P.O. Box 7000
Unit 5811
Ft. Dix, N.J. 08640

                                             *Shelley L. Grant*
                                        SHELLEY L. GRANT
                                        Paralegal Specialist