"JUDGE'S COPY"

29
copy

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,
    Plaintiff,

v.                              00-CV-0700 (WWC)

JANET RENO, et al.,
    Defendants.

Plaintiff's Response To
Defendant's Motion for Summary
Judgment


FILED
OCT 16 2001
PER
HARRISBURG, PA.   DEPUTY CLERK

    Plaintiff, MARK GARNES, submits here that adequate and accurate response is obstructed due to no legal authorities to support herewith. This matter of impediment derives from Plaintiff's continued detainment in the Segregation Housing Unit for "Investigative Reasons."

    Thus, Plaintiff request reservations to appropiately support ARGUMENT WITH LEGAL AUTHORITY thereby supplemental amendment in the future.

    Defendant's Summary Judgment is disputed thereof the facts, to which, Defendant Charles Fegley deprived Plaintiff of access to the courts. Thereby storing Plaintiff's legal property, refusing to comply with requests to forward the remaining six(6) inches to MDC-Brooklyn. To which Plaintiff's oversight thereof a cursory perusal of Bureau of Prisons Form BP-383 may be deemed harmless. Plaintiff's

1

trust of defendant Charles Fegley's admission, upon Plaintiff's request to have legal property accompanied on writ was indeed misleading.

## STATEMENT OF FACTS

Plaintiff contest here that willfully electing to have legal property stored is untrue.

As a Pro Se litigant, it is legally and logically inconcievable that Plaintiff would deprive himself of further litigation, pro se. Thereby conceding to have legal property stored. Defendant's Motion For Summary Judgment, at 3, para. 2. Plaintiff did not make a concession to have all property stored, including legal property. Plaintiff clearly explained and expressed the pertinence of the legal property's accompaniment on the writ. Defendant's Motion For Summary Judgment, at 3-4, para. 4, cont. at top of page 4.

Defendant Fegley initially separated, that is, had Plaintiff separate all legal property from personal property. Given Plaintiff the impression that the legal property would accompany thereon the transfer bus, for wait.

Upon Plaintiff receiving all the legal property noted as receipt, 18 inches on ~~[redacted]~~ September 3, 1998. To which six (6) inches of legal property was missing. Reason being Correctional Officer Saez made this differing indication with notation "K", which implies clearly that legal property was missing

2

Officer Saez's failure to inscribe a statement in the area noted Comments, presumes a failure to follow procedure. For it is the prison staff who must inscribe the necessary information thereof Bureau of Prison Form BP-383. Defendant's Motion for Summary Judgment, at 5, paras. 1 and 2. See also page 6, para 1.

Plaintiff's property, personal and was subsequently mailed, without Plaintiff's permission to Tyrone Williams, Plaintiff's son.

The legal materials mailed upon "Request Authorization to Mail Inmate Package on March 3rd, 1999, June 17, 1999, and August 19, 1999 were unrelated to Plaintiff's 28 USC Section 2255. Plaintiff retained legal documents therein property pertaining to civil actions in the Central District of California, Eastern District of Pennsylvania, and the District of Columbia. To which, these materials were mailed to the aforementioned on the varied dates. Defendant's Motion for Summary Judgment, at 5-6. In addition, materials mailed to aforemention consisted of legal documents pertaining to an issue in the Supreme Court of New York, New York County.

### Question Presented

Should defendant Fegley be denied summary judgment to Plaintiff's right to access the court claim as there exists genuine issues of material facts?

2

Plaintiff suggest here in the affirmative.

## ARGUMENT

Summary Judgment may be denied thereof defendant Fegley due to the genuine issues of material facts

Defendant Fegley's abused authority with misleading Plaintiff thereby withholding legal property which denied access to the courts. Thus making Plaintiff's property to his son's home without permission, further abuse that negates procedure and violates Plaintiff's rights.

Defendant contended that Bounds v. Smith, 430 U.S. 817 (1977) does not control the claims hereof, where the Supreme Court later, limited the issues hereof in the case of Lewis v. Cassy, 518 U.S. 343 (1996). The Supreme Court did not overrule Bounds.

Herewith the instant case, Plaintiff does not assert provisions by the prison as necessary tools to access the courts. However, the ambiguity of the Supreme Court's expressing, "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. Defendants Motion

For Summary Judgment, at 10, para. 2.

Defendant's indication posits that Plaintiff's rights to due process therewith access to the courts are totally nullified. In that, Plaintiff's challenge to the sentence and conviction thereby 28 USC 2255 was futile. Irregardless of partial reversal.

It is here that the "Actual Injury" incurs. Notwithstanding Plaintiff's continued litigation on the remaining issues thereof the 28 USC 2255. Because Plaintiff failed to reserve the record to address the remaining issues thereof the petition to vacate, set aside, or correct sentence should not deem the pursuance frivolous. Plaintiff may opt to file a Rule 60(b) motion to address those remaining issues. See Plaintiff's Complaint, at 11 and 14. Plaintiff presented therein the Complaint, hinderance set upon litigating in the courts, thereby Defendant's withholding legal property and permitting remaining property to be forward to Plaintiff's son. at 11.

The "Actual Injury" spills over to Plaintiff's continued litigation, to which the Eastern District of New York, Judge Korman concedes Plaintiff has an issue of merit. See Petitioner's Exhibit 17-19, Plaintiff's Motion for Summary Judgment. The legal documents pertain to calibrating the actual quantity of heroin distributed. Wiretap transcripts. Whether the unknown

5

substance depicted in Plaintiff's PRE-SENTENCE Report posits exculpatory evidence validated by the documents scrutinized by the Probation Department to conclude the substance to be "unknown." EACH ISSUE CORRESPONDS with Plaintiff's CONVICTION, SENTENCE, AND INCARCERATION.

Plaintiff clearly INDICATED, NOTED AS 3, NEAR the conclusion that Access to the court was being Impinged. Not to get into semantics or grammar acrobatics, IMPINGE IS SYNONYMOUS to DENIAL. Reiteration it is here, that continued litigation on the issues of the 28 USC 2255 which were NOT ADDRESSED NOR RESERVED for APPEAL, possibly could be litigated thereby A Rule 60(b) Motion.

A claim of Access to the court does not have to be verbatim. The Honorable Court presiding may extrapolate from the language. Plaintiff's clear assertion equating to a claim of denial of access to the court.

## CONCLUSION

For the REASONS SET forth herein, defendant's summary judgment should be denied, permitting a jury trial to determine the issues accordingly.

6

October 8th, 2001  
Fort Dix, New Jersey

Respectfully submitted,  
*Mark A. Garnes*  
MARK A. GARNES  
Reg. No. 24646-053  
P.O. Box 7000-SHU  
Fort Dix, NJ 08640

### CERTIFICATE OF SERVICE

I, Mark Garnes, Plaintiff, hereby certify under the penalty of perjury, pursuant to 28 USC 1746, that I have mailed Plaintiff's Response To Defendant's Motion for Summary Judgment to the following, respectively:

Clerk of the Court  
U.S. District Court  
Middle District of Pennsylvania  
228 Walnut Street  
P.O. Box 983  
Harrisburg, PA. 17108

Kate L. Mershimer, AUSA  
228 Walnut Street  
P.O. Box 11754  
Harrisburg, PA. 17108

October 9th, 2001  
Fort Dix, New Jersey

*Mark A. Garnes*  
MARK A. GARNES  
Reg. No. 24646-053  
P.O. Box 7000-SHU  
Fort Dix, NJ 08640

7