JUDGE'S COPY

United States District Court
Middle District of Pennsylvania

Mark Garnes,
  Plaintiff,

v.　　　　　　　　　　　　　　00-CV-0700(WWC)

Janet Reno, et. al.,
  Defendants.

FILED
OCT 16 2001
PER ____ G/S
HARRISBURG, PA.    DEPUTY CLERK

**Plaintiff's Reply Brief in Response to Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment**

 Plaintiff, Mark Garnes, hereby submits that an adequate, accurate reply is hindered due to the lack of legal authority to support argument. This impediment derives from Plaintiff's inability to study, research, and locate case law in the law library therein general population. Incapacitation due to Plaintiff's continuance in the segregation housing unit for "investigative reasons."

 To which, Plaintiff respectfully request to reserve the record for supplemental amendment with legal authority, supportive of argument.

1

## STATEMENT OF FACTS

Defendant contorts and bends Plaintiff's illustration, seemingly to paint Plaintiff's assertions as prevarications. Plaintiff here seeks to make clear what Defendant contends are different versions of the facts. Misread at the least.

In addition, Plaintiff shall demonstrate that evidence is admissible to hold Defendant responsible for denying Plaintiff access to the court.

Therein the defendant's brief in opposition plaintiff's motion for summary judgment, at Plaintiff's version, defendant attempts to confuse Plaintiff's illustrations of the claim. Asserting vagueness

Plaintiff believed that the remaining property possessed the missing six(6) inches, this property was mailed to Plaintiff's son after endeavors failed to be accepted by staff at MDC-Brooklyn, after August 26, 1998. Plaintiff, speaking with his son, explained and described the legal documents. Plaintiff's son was <u>unable to find these documents</u>. Specifically, the wiretap orders, seals, authorizations, affidavits; the transcribed transcripts from each call pertaining to Plaintiff; FATICO Hearing transcripts from the post-trial proceedings; pre-trial suppression hearing transcripts; Indictment; Docket Sheets, pre-trial motions, etc. As a result, Plaintiff was unable to fully execute the appeal therefrom the 28 USC 2255.

Defendant further asserts Plaintiff's affidavit

2

changed, differing from the illustration in the Complaint. Defendant fails to comprehend that Plaintiff's account in the Affidavit notes the missing legal property. Affidavit, at 3-4. Plaintiff notes that the legal property received included in part, documents pertaining to the 28 USC 2255. Plaintiff's Motion for Summary Judgment, at 3, para. 3.

Plaintiff's only noting of not receiving property is upon the transfer bus arriving at MDC-Brooklyn. At that time, Plaintiff inquired of the legal property, where a bus officer explicated no property of Plaintiff's accompanied. Id. 1-2, Complaint, at 9-10.

Upon being received at MDC-Brooklyn, defense counsel's visiting for preparation of the hearings on the 28 USC 2255, papers given to counsel, the mentioned legal documents. Plaintiff's Motion for Summary Judgment, at 3, para. 3. With the conclusion of the hearings and resentencing, defense counsel arranged a time for Plaintiff's son to pick up the documents from counsel's office. These documents are totally different from the legal materials mailed to Plaintiff's son per "Request-Authorization to Mail Inmate Package" on March 3, 1999, June 17, 1999, and August 19, 1999. These legal materials were unrelated to the 28 USC 2255.

Plaintiff sought assistance from Judge Korman to procure the remaining six (6) inches of legal property to aid in the litigation of

3

of the 28 USC 2265.

It is only when defense counsel advised Plaintiff that time served was likely, that Plaintiff mailed on June 17, 1999, legal materials pertaining to unrelated issues. The remaining documents, were mailed post-resentencing, unrelated.

Plaintiff contends here that it is defendant Fegley who initiates the inventory, packing, and storing of property. Same defendant was contacted by Unit Manager Baggot, Counselor Jesse Barnes, Secretary Vanessa Evans, and Counselor Wood. Each communication was conducted with defendant being the subject of the request to forward said property. Possibly, depositions from these Bureau of Prison staff may evidence defendants responsibility. Additionally, the R&D Logbook with the Mailroom Logbook may indicate the responsible party, should it not be defendant.

However, Defendant presents no indication of the responsible party(ies) therein the Declaration of Defendant Charles Fegley.

Defendant's version alleges Plaintiff conceded to the storing of property. Plaintiff did not elect to store legal property pertinent to on-going litigation, this is highly inconceivable. Plaintiff requested these legal documents/property accompany on writ.

Plaintiff signing the Bureau of Prison Form BP-383, indicating 18 inches of legal property,

4

differing by six(6) inches certified the exact amount of legal property received. Officer Saez sought to resolve the decrepancy by noting 18 inches, clearly showing that six(6) inches of legal property was missing.

Plaintiff has explained the mailings to son, Defendant admits staff at MDC-Brooklyn contacted subsequent to the initial by Unit Manager Baggot. Defendant's Brief In Opposition, at 8, para. 3. Obviously, should defendant not have personally re-mailed the property, defendant elected another staff by so doing, the property was re-mailed.

### Questions Presented

Should Summary Judgment be granted in favor of Plaintiff and against Defendant

### Argument

Plaintiff is unable to request depositions of staff, with such order by the court, plausibly will evidence that named staff spoke with defendant, thereafter property was mailed to MDC-Brooklyn. Thus depicting Defendant's communication with said staff authorized actions of property being mailed on those occasions. Positing evidence of responsibility, directly or circumstantially.

5

Defendant further asserts "LACK OF ACTUAL INJURY." Plaintiff here has suffered actual injury, in that, Defendant contends Plaintiff's right of access to the courts was not violated. Alluding the claims before the district court (E.D.N.Y. and 2ND Circuit Court of Appeals) being frivolous. Irregardless of the actions by each court does not deem the issues frivolous. The latter court, 2ND Circuit, did not hear the issues of the wiretap nor the obstruction of justice. However, litigating these issues are not procedurally barred. To which, Plaintiff may seek to address these matters thereby civil actions, Rule 60(b) and/or 28 USC 2241.

Here now, Plaintiff has an APPRENDI, 99-478, as conceding by the Hon. Edward R. Korman, presiding Justice of the matter. However, Plaintiff submits here that the MATTERS WITHOUT APPRENDI WOULD PRESENTS ISSUES TO BE ADDRESSED ON A 28 USC 2241. JURISDICTIONAL DEFECT, WHERE THE INDICTMENT FAILED TO CHARGE QUANTITY thereof the HEROIN, COUNT ONE. THE WIRETAP ORDERS, AUTHORIZATIONS, SEALS WERE BELIEVED TO BE FORGED thereafter the INITIAL ORDER Rendering the REMAINING ORDERS VOID. Where the transcribed transcripts of each wiretap conversation by Plaintiff evince accrued quantities, disputing the pre-sentence reports

6

conservative estimation of 2.2 kilograms. Thus giving an exact quantity during the period of FBI investigation, direct evidence.

JURISDICTIONAL DEFECT IS FURTHERED therewith the SECOND/THIRD count of the INDICTMENT, ALSO THE OBSTRUCTION of JUSTICE ENHANCEMENT MORE SPECIFICALLY, Indictment failed to charge. The FATICO HEARING TRANSCRIPTS (POST-TRIAL) WOULD ASSIST Plaintiff's ARGUMENTS. IT IS HERE MENTIONED THAT ACTUAL INJURY INCURS. DEFENDANT MAKING PREDICTIONS of Plaintiff's further litigation, resulting with the missing legal property would be PREJUDICIAL.

Plaintiff's APPRENDI claim meets second exception of TEAGUE V. LANE, which is clearly stated by Justice O'Connor's dissenting opinion, that Apprendi's held decision REPRESENTS A "WATERSHED" RULE. Thus APPRENDI IS AN EXTENSION THEREof IN Re WINSHIP, which is itself RETROACTIVE, repletely. 397 US 358 (1970), WINSHIP.

To which, the missing property, legal documents has denied Plaintiff access to the courts, in that 'ACTUAL INJURY' has inflicted Plaintiff's litigation as a pro se litigant. Courts being plural.

7

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully request summary judgment be granted in Plaintiff's favor and against Defendant.

Respectfully submitted,

*Mark A. Garnes*

October 8th, 2001
Fort Dix, New Jersey

MARK A. GARNES
Reg. No. 24646-053
P.O. Box 7000-SHU
Fort Dix, NJ 08640

## CERTIFICATE OF SERVICE

I, MARK GARNES, Plaintiff hereby submits pursuant to the penalty of perjury, 28 USC 1746, that I have mailed the hold to the following addresses, respectively:

CLERK OF THE COURT
U.S. DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 19108

KATE L. MERSHIMER, A
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

October 9th, 2001

*Mark A. Garnes*

8