MCC:KLM:slg:2001V00253

FILED
HARRISBURG, PA
OCT 23 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,  :
    Plaintiff  :
  :
v.  :  Civil No. 1:CV-00-0700
  :  (Caldwell, J.)
JANET RENO, et al.,[1]  :
    Defendants  :

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT

#### Introduction

This is a Bivens action brought by a pro se plaintiff, Mark Garnes, alleging that his right to access the courts has been violated. Garnes filed his complaint against Inmate Systems Officer Charles Fegley.

On May 29, 2001, Fegley filed a motion for summary judgment and supporting brief. On August 8, 2001, the Court granted Garnes' motion for an enlargement of time in which to oppose Fegley's motion. On October 9, 2001, Garnes filed an opposition brief. This brief is filed in reply to Garnes' brief.[2]

---

[1] By Order dated February 15, 2001, the Court dismissed three of Garnes' claims for failure to state a claim upon which relief may be granted and dismissed fourteen Bureau of Prisons defendants. The Court allowed the remaining claim against defendant Fegley to proceed.

[2] Garnes also has moved for summary judgment.

**Statement of the Case**

This case involves Garnes' assertion that Fegley failed to send Garnes' legal materials to Metropolitan Detention Center ("MDC") Brooklyn, New York, while he was there on writ, and as a result, he was unable to file a complete appeal to his §2255 motion. Fegley moved for summary judgment arguing that he did nothing to impede Garnes' right to access the court, nor has Garnes shown an actual injury. Fegley provided a declaration establishing that he did not interfere with Garnes' right to access the courts. In his brief, which facts and arguments will not be unnecessarily repeated here, Fegley further established that Garnes had not demonstrated an actual injury to support an access to courts claim. See Defts. Br., at 9-13; R. 1-188.

In his opposition brief, Garnes largely restates the allegations made in his original complaint. Defendants filed a statement of facts pursuant to Local Rule 56.1. Rather than file a counter-statement of facts as is required under that rule, Garnes has made unsupported statements as to his contentions of fact within his brief. He did not provide any supporting declarations to refute Fegley's affidavit. Nor did Garnes support his arguments with any case law.

**Argument**

Garnes challenges Fegley's argument that he has not demonstrated an actual injury to support his access to the courts

2

claim. First, Garnes merely states that he "may opt to file a Rule 60(b) motion." See Pl.'s Response p. 5. In addition, Garnes references an August 4, 2000, order from the District Court in the Eastern District of New York which indicates that he may have a potential Apprendi claim. Although in the same order, the court states that "[w]hile Apprendi appears to be new law ... [it] does not contain any express ruling on its retroactive application on collateral review." See Pl.'s Ex. 17-18. Without citing to any case law to support his contention, Garnes is apparently claiming that he meets the requirement of actual injury by speculating as to future litigation that he may pursue.

     As was previously discussed in Fegley's principle brief, in order to prevail on a constitutional challenge to access to the courts, a plaintiff must show that he suffered an actual injury as a result of the alleged violations. Lewis v. Casey, 518 U.S. 343, 349-53 (1996). This "actual injury" requires an inmate to establish that the alleged shortcomings of the prison library or assistance program, or other purported violation of the inmate's right of access to the courts, hindered his ability to pursue a legal claim. At that, the Court's holding regarding hindrance to legal claims is limited to **nonfrivolous** legal claim[s]." Id. at 353 (emphasis added). In this case, Garnes has not demonstrated that he suffered an actual injury to support his claim.

3

Garnes has not come forward with any evidence to create a genuine issue of material fact. Under Rule 56, Garnes was required to go beyond the pleadings by submitting his own affidavits to designate "'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(quoting Fed.R.Civ.P. 56(e)). Additionally, an opposing party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325. An opposing party cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit. Anderson, 477 U.S. at 256-257.

Fegley submitted a declaration and supporting documents to establish that he did not interfere with Garnes' right to access the courts. It was incumbent upon Garnes to submit his or others' declarations to create a material factual dispute, which he did not do. In sum, Garnes has failed to offer any evidence to support his access to the courts claim. Accordingly, summary judgment should be granted to Fegley.

4

## IV. Conclusion

For the reasons stated above, Fegley's motion for summary judgment should be granted in favor of the defendant with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*[signature]*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
717-221-4482

Dated: October 23, 2001

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK GARNES,  :
      Plaintiff  :
        :
    v.  :    Civil No. 1:CV-00-0700
        :    (Caldwell, J.)
JANET RENO, et al.,  :
      Defendants  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on October 23, 2001 copy of the attached

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGEMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Mark Garnes
Reg. No. 24646-053
FCI Ft. Dix West
P.O. Box 7000
Unit 5811
Ft. Dix, N.J. 08640

_____
SHELLEY L. GRANT
Paralegal Specialist