JUDGE'S COPY

United States District Court
Middle District of Pennsylvania

FILED
MAR 0 7 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

Mark Garnes,
    Plaintiff,

v.                               00-CV-0700 (WWC)

Janet Reno, et al.,
    Defendants.

Plaintiff's Response to Defendant's
Reply Brief In Support of Their
Motion for Summary Judgment

    Plaintiff submits here that actual injury incurred resulting from defendant Charles Fegley's actions, thereby mailing plaintiff's personal and legal property to plaintiff's son's residence, without plaintiff's consent.
    Legal litigation to pursue issues relevant to plaintiff's conviction and sentence are not limited to an initial 28 USC Section 2255 or a Rule 60(b) Motion. Clearly, the habeas corpus exists pursuant to 28 USC Section 2241, a successive motion per 28 USC Section 2255.
    Plaintiff here notes that issues raised in the initial 28 USC Section 2255 (96-cv-4357) were ripe for continued litigation thereby another vehicle, aforementioned. Due to the legal property being unavailable to plaintiff hindered this process. Settled law therein the Second Circuit was established on the issues.

(1)

## ARGUMENT

Plaintiff's APPRENDI claim, though most recently denied without prejudice by the Second Circuit Court of Appeals, granted the United States Supreme Court mandates retroactivity, may pursue the claims accordingly.

In the case of TEAGUE v. LANE, 489 US 288, 103 L.Ed. 2d 334, 109 S.Ct. 1060, the Nation's High Court established exceptions to be exercised upon determining retroactivity on collateral review. Id. at 489 U.S. 311

TEAGUE's exceptions has been accepted on collateral review in the Second Circuit, not explicit in the case of PARISE v. U.S., 117 F.S. 2d 204 (D.Conn. 2000), the second exception of TEAGUE, posits that PARISE met the "WATERSHED RULE" of Apprendi.

The Ninth Circuit has demonstrated TEAGUE's application in the case of FLOWERS v. WALTERS, 239 F.3d 1096 (9th Cir. 2001). Illustrating the standards of the Antiterrorism and Effective Death Penalty Acts ("AEDPA") application. Collateral review has been applied post-Apprendi. DARITY v. United States, 124 F.S. 2d 355 (WDNC 2000) and MURPHY v. United States, 109 F.S. 2d 1059 (D.Minn. 2000)

Plaintiff's additional issues that were raised in the first 28 USC Section 2255 are supportive by authorities as outlined therein plaintiff's collateral attack motion. SEE Plaintiff's Exhibits 1a - 16 (Plaintiff's Motion for Summary Judgment)

Plaintiff further notes that the Affidavit submitted on the

Record, therewith the Plaintiff's Motion for Summary Judgment supports the government's contention pursuant to Rule 56.

Plaintiff request, in support of this matter that Bureau of Prison Staff, whom conducted the communication with ISM Staff, here, defendant, Charles Fegley be deposed to aid in factualizing the record that trial is permissible. Such staff being Mr. Jesse Barnes, Counselor, MDC-Brooklyn; Mr. A. Baggott, Unit Manager, MDC-Brooklyn; Ms. Vanessa Evans, Secretary (Unit 4), MDC-Brooklyn. To which, defendant's actions were solely the controlling determinant to transfer plaintiff's property to and fro from FCI Allenwood to MDC-Brooklyn, thus concluding subsequent to property being returned to FCI Allenwood, said property was forward to Plaintiff's child's residence. Defendant's Record without proof.

Defendant's actions denying plaintiff access to the courts posed actual injury. "depriving a person of an arguable, though not yet established claim inflicts actual injury, because the person is deprived of something of value in that arguable claims are settled." Lewis v. Casey, 518 U.S. 343

Justice Souter's suggestion leans to all legal property/material, presuming the court held any deprivation of access to the court places limit on legal material causes actual injury. 518 U.S. 353, footnote 4.

The case defendant cites, Lewis v. Casey, 135 L.Ed. 2d 606, does not clearly exemplify "actual injury", the examples given are not corresponding in any manner to plaintiff. 518 U.S. at 354, 356.

Wherein the concurring in part, dissenting in part, and concurring

in the judgment, Justices Souter, Ginsburg, and Breyer do not give a clear example for "causation of injury." 518 US 393. Surely defendant concedes plaintiff was deprived of legal property, only defendant was not responsible. However, a responsible staff member has not been revealed, nor documentation as to whom forwarded plaintiff's property to son's residence. Defendant's Record negates documents.

Plaintiff further asserts that the Rule 60(b) submitted addressing *Apprendi* claims, enhancements per United States Sentencing Guidelines, Sections 2D1.1(b)(1) and 3C1.1. With *Apprendi* determining elements of a crime, reaffirming *In Re Winship*, 397 US. 358, which the Honorable Court characterized as a second petition pursuant to 28 USC 2255, these elements, as to type and quantity, possession of a weapon, and obstruction of justice were not findings by the jury. USSG, Section 2D1.1(b)(1) permits a two point enhancement which alters the statute, 18 USC Section 924(c), which gives a mandatory sentence of five (5) years. No minimum. The USSG, have established a minimum where one element is used for enhancement purposes when the count is dismissed. Defining limits are ambiguous to the matter.

Asserting further that, the sentencing court made no clear findings as to obstruction of justice, type of controlled substances with counts one and two, nor quantity as to each count.

Defendant Fegley arbitrably impeded upon plaintiff's access to the court, thus causing actual injury therewith, where the legal materials were sent to plaintiff's child's residence. These materials have since been disposed (trashed) by plaintiff's child's mother. Said materials

(4)

consisting of the Fatico Hearing Transcripts, Wiretap Orders, Authorization Applications, Sealing Orders, Transcribed Wiretap Transcripts, Suppression Hearing Transcripts, Indictment, Docket Sheets, various pre-trial motions, with an array of legal materials. (i.e. Motions filed by counsel; letters from defense counsel; letter motions by prosecution; evidence letters used by prosecution, etc.) Confiscation of legal material constitutes denial of access to courts. Hiney v. Wilson, 520 F.2d 589, 591 (2nd Cir. 1975) Thus, causing actual injury resulting from defendant's action, preventing plaintiff to adequately argue said claims.

Defendant Charles Fegley's actions have caused injury to plaintiff's recourse to address the sentence and conviction therein the courts. The deprivation of said legal materials supports, from the trial court's record, plaintiff's claims directly to litigate.

For the reasons asserted herewith, Plaintiff request a trial, with an evidentiary hearing prior to with witnesses, documents from the Bureau of Prisons staff and log books/files. Thus, defendant's Motion for Summary Judgment be dismissed.

Respectfully Submitted,

DATED: FEBRUARY 15th, 2002
LISBON, OHIO

Mark A. Garnes
MARK A. GARNES
Reg. No. 24646-053
P.O. Box 10-Unit BB
FCI ELKTON
LISBON, OH 44432

United States District Court
Middle District of Pennsylvania

Mark Garnes,
    Plaintiff,

v.

Janet Reno, et al.,
    Defendants.

<u>AFFIDAVIT</u>

00-CV-0700 (WWC)

    I, Mark Garnes, Plaintiff, pro se, attest that the foregoing is true and correct to the best of my recollection, deposes and says:

1. I did not receive upon arrival at MDC-Brooklyn, per writ on 8-12-98 any legal property. As this prior day (8-11-98), request from ISM staff Charles Fegley that said materials be forward accordingly.

2. Upon receiving personal and legal property on R & D (Receiving and Discharge) Officer Saez noted there was only 18" of legal property, not the 24" inscribed by ISM staff Charles Fegley on the property form.

3. I note here that the missing legal material interferes with my continued litigation, as well the current litigation. thereof the <u>Apprendi</u> claims.

(1)

4. I know and understand from speaking with my son, Tyrone L. Williams that my property was forward to him, consisting of legal materials relevant to my litigation.

5. I also know that my son's mother, Darlene P. Williams disposed of my personal and legal property during the second half of the year 2001, learned from speaking with her telephonically.

Respectfully submitted,

*Mark A. Barnes*
Mark A. Barnes
Reg. No. 24646-053
P.O. Box 10-Unit BB
FCI Elkton
Lisbon, OH 44432

Dated: February 15th, 2002
Lisbon, Ohio

(2)

## CERTIFICATE of SERVICES

I, MARK GARNES, Plaintiff, pro se, hereby swear under penalty of perjury, that I have submitted Plaintiff's Response to Defendant's Reply Brief In Support of Their Motion for Summary Judgment, pursuant to 28 USC Section 1746 to the following respectively:

Clerk of the Court
United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

Kate L. Mershimer, AUSA
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA. 17108

DATED: February 15th, 2002
Lisbon, Ohio

*Mark A. Garnes*
Mark A. Garnes
Reg. No. 24646-053
P.O. Box 10 - Unit BB
FCI Elkton
Lisbon, OH   44432