IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORIGINAL

FILED
HARRISBURG, PA

NOV 21 2002

MARY E. D'ANDREA, CLERK
Per _____
  Deputy Clerk

Mark Garnes, :
    Plaintiff/Petitioner, :
                            :
    v. : Civil Action No.: 00-CV-0700
                            :                      (WWC)
Janet Reno, et al., :
    Respondent/Defendants,:
...........................................................

## MOTION PURSUANT TO
## RULE 8(a)(1)

**COMES NOW**, Mark Garnes, Plaintiff, Pro Se, hereby respectfully moves the Honorable Court pursuant to Rule 8(a)(1) shall grant the Motion for Preliminary Injunction and Motion Pursuant to Rule 15 to Amend the Complaint accordingly.

This matter arises therefrom the filing with the United States Court of Appeals for the Third Circuit, thus, providing directive as to the matter being addressed herein the Honorable Court in the first instance.

For the reasons set forth therein the Preliminary Injunction and the Motion Pursuant to Rule 15, Plaintiff prays the Honorable Court shall grant these motions accordingly in the interest of justice and to preclude further actions by the defendants and/or those in association, affiliation as stated therein the Complaint, at 16-17.

## PRELIMINARY STATEMENT

Plaintiff submits here since the filing of the Complaint

1

thereon or about April 15th, 2000, Plaintiff has incurred continued incidents relevant to the filing of the Complaint as outlined therein the Motions for Preliminary Injunction and Rule 15.

Plaintiff submits here that there are no alternative means to redress these matters which are continuously violative of rights afforded Plaintiff thereof the United States Constitution.

It is here that Plaintiff sought to address these matters therein the United States Court of Appeals for the Third Circuit, to which, directive hereto was given by the Court of Appeals. **See Plaintiff's Exhibit 1.** It is here now that Plaintiff sets forth the matters herewith by Motions to address the actions since the filng of the Complaint.

## JURISDICTION

The Honorable Court here has jurisdiction to consider this matter pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. **Treglia v. Beeler**, 82 F.S. 2d 297, 298 (D.N.J. 1999); **U.S. Ex Rel. Merena v. Smithlkine Beecham Corp.**, 52 F.S. 2d 420, 426 (E.D. Pa. 1998). Where the stay of execution may be Ordered, pending the outcome of appeal.

As a matter of interest herewith, the "actual injury" argument defendants made relevant to defendant Fegley, is now being considered by the Honorable Chief Justice Edward R. Korman, based on the Honorable Court's volition thereto the Rule 60(b) Motion filed by Plaintiff thereon or about July 13th, 2000. This Motion was recharacterized by the Honorable Chief Justice Edward R. Korman, thus, forward to the United States Court of Appeals for the Second Circuit for authorization as a second petition for

habeas relief.   **See Petitioner's Exhibit 83-84 (Rule 15 Motion).**

## CONCLUSION

For the reasons set forth herewith, Plaintiff respectfully request the Motion hereof is granted therewith the Motions herein, respectively, Motion for Preliminary Injunction and Motion Pursuant To Rule 15, with the relief requested therein each accordingly.

                                        Respectfully submitted,

                                        /s/ Mark A. Garnes
DATED: October 14th, 2002               Mark A. Garnes - Pro Se
Cumberland, Maryland                    Reg. No. 24646-053
                                        P.O. Box 1000-A1
                                        FCI Cumberland
                                        Cumberland, Maryland
                                                      21501


## CERTIFICATE OF SERVICE

I, Mark A. Garnes, Plaintiff, Pro Se, hereby swears under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have forward the original and four copies of the Motion Pursuant to Rule 8(a)(1) to the Clerk of the Court, with one copy being forward to the opposing party, each of which has been forward to the following addresses, respectively:

MAILED TO:

Clerk of the Court                      Kate L. Mershimer, AUSA
United States District Court            United States District Court
Middle District of Pennsylvania         Middle District of Pa.
P.O. Box 983                            Room 217, Fed. Bldg.
228 Walnut Street                       228 Walnut Street
Harrisburg, Pa.    17108                Harrisburg, Pa.    17108


                                        /s/ Mark A. Garnes
DATED: October 14th, 2002±              Mark A. Garnes - Pro Se
Cumberland, Maryland                    Reg. No. 24646-053
                                        P.O. Box 10000-A1
                                        Cumberland, Md. 21501

PETITIONER'S
EXHIBITS

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

CLERK

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE

215-597-2995

October 3, 2002

Mark Garnes
# 24646-053
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501

Re: Garnes v. Attorney General
  3rd Cir. No. 02-1920

Dear Mr. Garnes:

   We are in receipt of your submissions entitled "Motion for Preliminary Injunction," and "Motion Pursuant to Rule 27." This Court cannot take any action in regard to these motions.

   Rule 8(a)(1), Federal Rules of Appellate Procedure, specifically requires that a motion for an injunction pending appeal must be presented in the first instance to the district court. Since you have not done so, this Court cannot consider your motion.

   Likewise your "Motion Pursuant to Rule 27" seeks leave to file an amended complaint. This is a matter which must be considered in the first instance by the district court. This Court lacks authority to consider new complaints which occurred after the appeal has been filed since as an appellate court it could not take the evidence necessary to resolve such complaints.

Very truly yours,

Marcia M. Waldron, Clerk

By: /s/ Bradford A. Baldus

Bradford A. Baldus
Senior Legal Advisor to the Clerk

cc: Kate L. Mershimer, Esquire