ORIGINAL

52
11/22/

1:CV-00-700

FILED
HARRISBURG, PA

NOV 21 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

PETITIONER'S
EXHIBITS

# **TABLE OF CONTENTS**

Detention Orders (FCI Allenwood & FCI Fort Dix)............1-2

DHO Report (FCI Elkton)...................................3-5

Confiscation Forms-Property (FCI Fort Dix)...............6-8

Requests to Staff Member (FCI Fort Dix)..................9-11

Property Form (FCI Elkton)...............................12

Letter to Chief Justice Korman (Trial Justice)...........13-14

BP 8 (Informal Resolution)(FCI Elkton)...................15-17

BP 9 (Job Placement-Religion(FCI Elkton))................18-19

BP 8 (Staff Harassment-(FCI Elkton)......................20-29

*Administrative Remedies (Discrimination & Retaliation)....30-38

*Administrative Remedies (Staff Neglience & Interference)..39-44

*Administrative Remedies (Denial of Religious Practices)...45-51

*Administrative Remedies (Staff Negligence)...............52-53

*Administrative Remedies (Denial of Religious Practices)...54-68

*Program Review Report (FCI Elkton).......................69

Progress Report (FCI Elkton)..............................70-72

Informal Resolution (FCI Cumberland)......................73-75

Inmate Request to Staff Member (FCI Cumberland)...........76-77

**Prohiting Pre-Sentence Report and Statement of Reasons**
(FCI Cumberland)..........................................78-82

Chief Justice Korman's Order and Government's Letter......83-84

Rule 60(b)(2) & (6)(Order with Probation Department Memo..85-87

**\* Refers to matters there at FCI Elkton**

U.S. Department of Justice

**Administrative Detention Order**



Federal Bureau of Prisons

---

FCI Allenwood

Institution

Date/Time: **July 16, 1998**

3B

TO      : Special Housing Unit Officer

FROM    : J.L. Zoda, SIS Lieutenant _____ , (Name/Title)

SUBJECT : Placement of ___Garnes, Mark_____ , Reg. No. ___24646-053___ , in Administrative Detention

_____ (a)   Is pending a hearing for a violation of Bureau regulations;

__XXXX__ (b)   Is pending investigation of a violation of Bureau regulations;

_____ (c)   Is pending investigation or trial for a criminal act;

_____ (d)   Is to be admitted to Administrative Detention

            _____ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

            Inmate Signature/Register No.: _____

            Staff Witness Printed Name/Signature: _____

            _____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)   Is pending transfer or is in holdover status during transfer;

_____ (f)   Is pending classification; or

_____ (g)   Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

**Pending a SIS Investigation for Unauthorized Activities.**

_____

_____

_____

_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date / time) **July 16, 1998**

Staff Witness Signature/Printed Name ___C. ____ , Lt_____ Date 7/16/98

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

cc:   Inmate Concerned (not necessary if placement is a result of holdover status)
       Captain
       Unit Manager
       Operations Supervisor – Administrative Detention Unit
       Central File

## ADMINISTRATIVE DETENTION ORDER   CDFRM

ARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

CURED BY:NIEVES _____ FCI FT DIX WEST _____
                                                              Institution

                              Date/Time: __6-29-2001___  __1600HRS__

tal Housing Unit Officer

KEILMAN   LIEUTENANT   _S. Vail_____, (Name/Title)

  Placement of __GARNES_____, Reg. No. __24646-053__
, in Administrative Detention

(a) Is pending a hearing for a violation of Bureau regulations;
(b) Is pending investigation of a violation of Bureau regulations;
(c) Is pending investigation or trial for a criminal act;
(d) Is to be admitted to Administrative Detention

___(1) Since the inmate has requested admission for protection;

eby request placement in Administrative Detention for my own protection.

mate Signature/Register No.: _____

aff Witness Printed Name Signature: _____

___(2)   Since a serious threat exists to individual's safety as perceived by staff,
         although person has not requested admission; referral of the necessary
         information will be forwarded to the UDC/DHO for appropriate hearing.

s pending transfer or is in holdover status during transfer.
s pending classification; or
          Is terminating confinement in Disciplinary Segregation and has been ordered into
          Administrative Detention by the Warden's designee.

officer's decision based on all the circumstances that the above named inmate's continued
  the general population poses a serious threat to life, property, self, staff, other
  to the security or orderly running of the institution because*

ARE BEING PLACED IN ADMINISTRATIVE DETENTION PENDING SIS INVESTIGATION
_____
_____
_____

the above named inmate is to be placed in Administrative Detention until further notice.
received a copy of this Order on (date/time) __6-29-2001___  __1600HRS__

ss Signature/Printed Name __LT. VAUGHAN_____ Date

e of DHO action, reference to that order is sufficient. In other cases, the officer will
ependent review and decision, which is documented here.

- Inmate Concerned (not necessary if placement is a result of holdover status); Copy -
y - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy -

ay be replicated via WP)                         Replaces BP-308(52) of JAN 88

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FCI ELKTON, OH | | INCIDENT REPORT NUMBER | | | 966431 | |
|---|---|---|---|---|---|---|---|
| INMATE NAME | Garnes,M | | REG NO | 24646-053 | UNIT | B | |
| DATE OF INCIDENT | 02-20-2002 | | DATE OF INCIDENT REPORT | | | 02-20-2002 | |

| OFFENSE CODE(S) | 307, 312, 306 |
|---|---|
| SUMMARY OF CHARGES | Refusing to Obey an Order, Insolence, Refusing Program |

## I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  02-21-2002    (time)    0841    (by staff member)  Johnson LT

B. The DHO Hearing was held on (date)    04-03-02    at (time)    0900

C. The inmate was advised of his/her rights before the DHO by (staff member):

Mraulak, CCC                    on (date)    02-25-02        and a copy

of the advisement of rights form is attached.

## II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | XX | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and                          appeared.

c. Requested staff representative declined or could not appear but inmate was advised of
option to postpone hearing to obtain another staff representative with the result

that:  N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

## III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:  The DHO read aloud section 11 of the incident report
**and asked the inmate if it was true.  Inmate Garnes informed the DHO that he was in the
bed sleeping and they told him to go to the Town Hall Meeting and he informed them that
it wasn't mandatory. Garnes further informed the DHO they he went to the Town Hall
Meeting and his witness could verify this information.**

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | XX | No: | |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include
each witnesses' name, title, reg number and statement as appropriate.) Officer Ferraro
Officer Ferraro testified that Garnes was told to go to the Town Hall Meeting and stayed
in his cell.

3. The following persons requested were not called for the reason(s) given. N/A

Page 1 of 3

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: N/A.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: N/A.

## IV. FINDINGS OF THE DHO

| | A. The act was committed as charged. | |
|---|---|---|
| X | B. The following act was committed: | 307 |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

Based on the greater weight of the evidence, the DHO concluded the prohibited act of Refusing an Order was committed. The DHO based this decision on the following evidence:

Officer Sweeney reported that he approached you in your cube and instructed you to report to the multipurpose room for a Town Hall Meeting. The officer further reported you stated that it wasn't mandatory to go. Officer Sweeney gave you another direct order to report to the meeting and you refused

Also relied was the statement of your witness. He informed the DHO that you were ordered to go to the Town Hall Meeting and refused. His statement collaborates the written report submitted by the officer.

Based on the fact you declined to follow the officers instruction the DHO determined you committed the prohibited act of code 307 of the Inmate Discipline Policy.

**Note: The DHO opted to drop the 312 and 306 based on the fact the 307 best encompasses** the incident.

## VI. SANCTION OR ACTION TAKEN

307-15 Days D/S Suspended 180 Days Clear Conduct
307-Unit Change

## VII. REASON FOR SANCTION OR ACTION TAKEN

The action on the part of any inmate to refuse to obey an order given by any staff member interferes with the staff member's ability to complete assignments and to effectively deal with and control the inmates in a correctional setting.

To hold you accountable for your behavior in this instance, the DHO has sanctioned you to a total of 15 days disciplinary segregation suspended 180 days clear conduct and a unit change. The DHO hopes this sanction will convince you to abide by all institution rules and regulations and will emphasize to you that this type of behavior will not be tolerated.

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | | | |
|---|---|---|---|---|---|
| | Yes | XX | No | | |
| IX. DISCIPLINE HEARING OFFICER | | | | | |

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| S. Biafore, DHO | | |
| Report delivered to inmate by: | DATE  6-27-02 | TIME  1145 9/½ |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH KANSAS

**U.S. Department of Justice**

Federal Bureau of Prisons

**Confiscation and Disposition of Contraband**

| F. MILLS  SENIOU OFFICER | PCC FDT DCT |
|---|---|
| Signature/Printed Name of Staff Member Confiscating Property | (Institution) |

| 1. Name: GALAVES | 2. Register No.: 24646-053 | 3. Unit: BBLU | 4. Date: 09 JUL 01 |
|---|---|---|---|

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on 05 JUL 01

(Make a numerical list of contraband)
(1) 40 STAMPS  (4) 2 JACKETS  (7) 2 NAIL CLIP  (10) 4 AISSONS  (13) 14 SOFT600K
(2) DEOD  (5) 5 HEADPHONES  (8) 2 WHITE OUT  (11) 1 PAD  (14) 1 MOTO AL 33
(3) SPICES (1)  (6) TAPE  (9) 17 MAGKON/PEN-S  (12) 7 MAGS  (15) 1 PHOTO AL 43

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by number from section 5 above): Nos. 1-15 . I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of the claimed items.

I, X _____, received a copy of this inventory on 21 AUG 01
(inmate's signature)                                                              (date)

7. Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above): Nos. _____

Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of property.

I have read or had read to me the above information. I request the following action be taken in regards to my contraband property.

a. _ I request the property be mailed to _____
_____. I agree to pay mailing costs.

Inmate's Signature: _____  Date: _____

b. _ I request the institution to pay mailing costs. I have insufficient funds in my institution account and do not expect to receive new funds. (The approval of the Warden or designee is required for the institution to pay postage.)

Inmate's Signature: _____  Date: _____

c. X Other (specify, e.g., donate to institution) REC PROP.

Inmate's Signature: X _____  Date: 21 AUG 01

8. The following contraband (identify by number from section 5 above) has been determined to be hard contraband or to be contraband for which no ownership has been established. The contraband has been disposed of by (indicate disposition/reasons): Nos. _____

| Signature/Printed Name of Staff Member Determining Method of Disposal | Date |
|---|---|

| Signature/Printed Name of Staff Member Disposing of Property | Date |
|---|---|

| When Property is Destroyed, Signature/Printed Name of Staff Witness | Date |
|---|---|

UNICOR FEDERAL PRISON INDUSTRIES INC
LEAVENWORTH KANSAS

**U.S. Department of Justice**

Federal Bureau of Prisons

**Confiscation and Disposition of Contraband**

Signature/Printed Name of Staff Member Confiscating Property

(Institution)

| 1. Name: | 2. Register No.: 24646-053 | 3. Unit: 5B/U | 4. Date: 05 July 01 |
|---|---|---|---|

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on _____

(Make a numerical list of contraband)

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by number from section 5 above): Nos. _1 - 12_ I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of the claimed items.

1. X _____, received a copy of this inventory on 24 AUG 01
(inmate's signature)                                                    (date)

7. Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above): Nos. _____

Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of property.

I have read or had read to me the above information. I request the following action be taken in regards to my contraband property.

a. ___ I request the property be mailed to _____

_____. I agree to pay mailing costs.

Inmate's Signature: _____ Date: _____

b. ___ I request the institution to pay mailing costs. I have insufficient funds in my institution account and do not expect to receive new funds. **(The approval of the Warden or designee is required for the institution to pay postage.)**

Inmate's Signature: _____ Date: _____

c. X Other (specify, e.g., donate to institution) INMATE REC PROP

Inmate's Signature: X _____ Date: 21 Aug

8. The following contraband (identify by number from section 5 above) has been determined to be hard contraband or to be contraband for which no ownership has been established. The contraband has been disposed of by (indicate disposition/reasons): Nos. _____

_____
Signature/Printed Name of Staff Member Determining Method of Disposal                                    Date

_____
Signature/Printed Name of Staff Member Disposing of Property                                    Date

When Property is Destroyed, Signature/Printed Name of Staff Witness                                    Date

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH KANSAS

**U.S. Department of Justice**

**Confiscation and Disposition of Contraband**

Federal Bureau of Prisons

F. MILLER SENIOR OFFICER

PCC FORT DIX

Signature/Printed Name of Staff Member Confiscating Property

(Institution)

| 1. Name: GALVES | 2. Register No.: 24646-053 | 3. Unit: 5610 | 4. Date: 09 JULY 01 |
|---|---|---|---|

5. The contraband listed below was found in possession of, or in the living quarters of the above named inmate on ___09 Jul 01___

(Make a numerical list of contraband)
(1) ATM SUGAR   (4) BABY OIL   (7) 13 ONIONS   (10) 2 TOOTHPASTE
(2) BOOT   (5) 3 BABY OIL   (8) 4 TOOTHBRUSH   (11) JUICE
(3) 0 CUSHION/3 LID   (6) X5 MAIL   (9) 3 PASTA   (12) 2 TOMATO SAUCE

6. (To be completed by inmate) I have received a list of those items confiscated as contraband. I claim ownership of the following items (identify by number from section 5 above): Nos. ___1-12___. I am aware that a claim of ownership will not be accepted for any item of government property. With respect to my claimed personal property, I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of the claimed items.

I, __X MITA__ (inmate's signature), received a copy of this inventory on __21 AUG 01__ (date)

7. Of the contraband listed in section 5 above, the inmate has established ownership for the following (identify by number from section 5 above): Nos _____

Contraband, other than hard contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. The institution may pay for the mailing when the inmate has insufficient funds and no likelihood of receiving new funds. Where the inmate is financially able to pay postage, but refuses, or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means, including destruction of property.

I have read or had read to me the above information. I request the following action be taken in regards to my contraband property.

a __ I request the property be mailed to _____
_____ I agree to pay mailing costs.

Inmate's Signature: _____ Date: _____

**b. __ I request the institution to pay mailing costs. I have insufficient funds in my institution account and do not expect to receive new funds. (The approval of the Warden or designee is required for the institution to pay postage.)**

Inmate's Signature: _____ Date: _____

c. X Other (specify, e.g., donate to institution)   REC PROP

Inmate's Signature: __X_____ Date: __21 AUG 01__

8. The following contraband (identify by number from section 5 above) has been determined to be hard contraband or to be contraband for which no ownership has been established. The contraband has been disposed of by (indicate disposition/reasons): Nos. _____

Signature/Printed Name of Staff Member Determining Method of Disposal    Date

Signature/Printed Name of Staff Member Disposing of Property    Date

When Property is Destroyed, Signature/Printed Name of Staff Witness    Date

**U.S. Department of Justice**

Federal Bureau of Prisons

**Inmate Personal Property Record—**

**Institution:** _ALM_

| 1. Name: GARNES MARK | 2. Register Number: 24646-053 | 3. Unit: 3B | 4. Date and Time of Inventory 4-12-00 2:0P |
|---|---|---|---|

| 5. Purpose of Inventory (check one that applies): Date and Time of Action: 4-12-00/2:0P | 6. Disposition (Disp.) |
|---|---|
| a.___ Admission   b.___ Hospital   c.___ Writ   d._✓_ Transfer   e.___ Detention   f.___ Release   g.___ Incoming package   h.___ Other (specify)   FTD | D – Donated   M – Mail   S – Storage   K – Keep in Possession   C – Contraband (Attach BP-Record–102) 2:0P |

**7. Type of Property:**

a. Personally Owned Items

| # | Article | Disp. |
|---|---|---|
| | Batteries | |
| | Belt | |
| | Billfold | |
| 5 | Books, reading hard___, soft ✓ | FD |
| | Books, religious hard___, soft | |
| | Brassiere | |
| 1 | Cap, Hat | M |
| 1 | Coat | |
| 1 | Coins | |
| 1 | Comb | M |
| | Combination lock | |
| | Dress | |
| | Driver's license | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| 1/1 | Hair brush/pick | M |
| | Handkerchief | |
| | Jacket | |
| | Jogging suit | |
| | Legal Materials | M |
| 2# | Letters | M |
| 1 | Magazines | M |
| 1 | Mirror | M |
| 2 | Nail Clippers | M |
| | Pant/slacks | |
| 1 | Pen, ballpoint | M |
| | Pencils | |
| | Personal papers | |
| | Photo album | |
| | Photos | |

| # | Article | Disp. |
|---|---|---|
| 1 | Plastic spoon cup | M |
| 1 | Playing cards | M |
| | Purse | |
| | Radio (w/earplug) | |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| | Shoes | |
| | Shoes, shower | |
| | Shoes, slippers | |
| | Shoes, tennis | |
| 1 | Shorts | M |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| | Socks, athletic | M |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| 1 | Sweat pants | M |
| 2 | Sweat shirt | M |
| | Trophy | |
| 3 | T-Shirts | M |
| | Underwear | M |
| 7 | Watch/watch band | M |
| | Wig | |
| 1 | KUFI | M |
| 1 | SCARF | M |
| 3 | UTENSILS | M |
| 1 | BOWL | M |
| 1 | STADLER CUP | M |

b. Hygiene, etc.

| # | Article | Disp. |
|---|---|---|
| | Dental floss | |
| | Dentures | |
| | Deodorant | M |
| | Hair oil | |
| | Noxzema | |
| | Powder | M |
| | Razor | |
| | Razor blades | |
| 2 | Shampoo | M |
| | Shaving lotion | |
| | Skin lotion | M |
| 1 | Soap | M |
| 1 | Soap dish | M |
| | Toothbrush | M |
| | Toothpaste | M |
| 6 | VITAMINS | M |
| 1 | Q-TIP | M |
| 1 | OIL | M |

c. Hobbycrafts

| # | Article | Disp. |
|---|---|---|
| 2 | SUPPORTER | M |

d. Food/Tobacco Items

| # | Article | Disp. |
|---|---|---|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |

e. Miscellaneous (List any damaged property and from where it was received; e.g., U.S. Marshal)

| 8. Items Alleged by Inmate to Have Value Over $100.00 Description of Property | Value Alleged by Inmate |
|---|---|
| N/A   ___ No individual item over $100.00 | |

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):   FTD

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

Comments

Printed Name/Signature of Receiving Officer: J. DAVENPORT JR. _____  Date: 4/12/00  Time: 2:30P

I have today reviewed the property returned to me. Signature of Inmate: X _____  Reg. No. 24646-053  Date: 4-12-00  Time: 2:30P

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

Comments

Printed Name/Signature of Releasing Officer: _____  Date: _____  Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____  Reg. No.: _____  Date: _____  Time: _____

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing                BP-383/58

**U.S. Department of Justice**

Federal Bureau of Prisons

**Inmate Personal Property Record—**

Institution: _ACM_

| 1. Name: GARNES MARX | 2. Register Number: 24646-053 | 3. Unit: 3B | 4. Date and Time of Inventory 4-12-00 2:10P |
|---|---|---|---|

5. Purpose of Inventory (check one that applies): Date and Time of Action: 4-12-00 / 2:10P

a.___ Admission   b.___ Hospital   c.___ Writ   d.✓ Transfer   e.___ Detention   f.___ Release

g.___ Incoming package   h.___ Other (specify)   FTD

6. Disposition (Disp.)
D – Donated    M – Mail    S – Storage
K – Keep in Possession
C – Contraband (Attach BP-Record-102)

2:10P

7. Type of Property:

**a. Personally Owned Items**

| # | Article | Disp. |
|---|---|---|
| ___ | Batteries | ___ |
| ___ | Belt | ___ |
| ___ | Billfold | ___ |
| ___ | Books, reading hard___, soft___ | ___ |
| ___ | Books, religious hard___, soft___ | ___ |
| ___ | Brassiere | ___ |
| ___ | Cap, Hat | ___ |
| ___ | Coat | ___ |
| ___ | Coins | ___ |
| ___ | Comb | ___ |
| ___ | Combination lock | ___ |
| ___ | Dress | ___ |
| ___ | Driver's license | ___ |
| ___ | Earplugs | ___ |
| ___ | Eyeglass case | ___ |
| ___ | Eyeglasses | ___ |
| ___ | Gloves | ___ |
| ___ | Hair brush/pick | ___ |
| ___ | Handkerchief | ___ |
| ___ | Jacket | ___ |
| M | Legal Materials PELTS | M |
| ___ | Letters | ___ |
| ___ | Magazines | ___ |
| ___ | Mirror | ___ |
| ___ | Nail Clippers | ___ |
| ___ | Pant/slacks | ___ |
| ___ | Pen, ballpoint | ___ |
| ___ | Pencils | ___ |
| ___ | Personal papers | ___ |
| ___ | Photo album | ___ |
| ___ | Photos | ___ |

| # | Article | Disp. |
|---|---|---|
| ___ | Plastic spoon, cup | ___ |
| ___ | Playing cards | ___ |
| ___ | Purse | ___ |
| ___ | Radio (w/earplug) | ___ |
| ___ | Religious medals | ___ |
| ___ | Ring | ___ |
| ___ | Shirt/blouse | ___ |
| ___ | Shoes | ___ |
| ___ | Shoes, shower | ___ |
| ___ | Shoes, slippers | ___ |
| ___ | Shoes, tennis | ___ |
| ___ | Shorts | ___ |
| ___ | Skirt | ___ |
| ___ | Slip | ___ |
| ___ | Social security card | ___ |
| ___ | Socks | ___ |
| ___ | Socks, athletic | ___ |
| ___ | Stamps | ___ |
| ___ | Stockings | ___ |
| ___ | Sunglasses | ___ |
| ___ | Sweater | ___ |
| ___ | Sweat pants | ___ |
| ___ | Sweat shirt | ___ |
| ___ | Trophy | ___ |
| ___ | T-Shirts | ___ |
| ___ | Underwear | ___ |
| ___ | Watch/watch band | ___ |
| ___ | Wig | ___ |

**b. Hygiene, etc.**

| # | Article | Disp. |
|---|---|---|
| ___ | Dental floss | ___ |
| ___ | Dentures | ___ |
| ___ | Deodorant | ___ |
| ___ | Hair oil | ___ |
| ___ | Noxzema | ___ |
| ___ | Powder | ___ |
| ___ | Razor | ___ |
| ___ | Razor blades | ___ |
| ___ | Shampoo | ___ |
| ___ | Shaving lotion | ___ |
| ___ | Skin lotion | ___ |
| ___ | Soap | ___ |
| ___ | Soap dish | ___ |
| ___ | Toothbrush | ___ |
| ___ | Toothpaste | ___ |

**c. Hobbycrafts**

| # | Article | Disp. |
|---|---|---|

**d. Food/Tobacco Items**

| # | Article | Disp. |
|---|---|---|
| ___ | Canned tobacco | ___ |
| ___ | Chewing tobacco | ___ |
| ___ | Cigarettes | ___ |
| ___ | Cigars, snuff | ___ |
| ___ | Coffeemate | ___ |
| ___ | Cold drink mix, soda | ___ |
| ___ | Fruit | ___ |
| ___ | Honey, Hi-protein | ___ |
| ___ | Instant chocolate | ___ |
| ___ | Instant coffee | ___ |
| ___ | Instant tea | ___ |
| ___ | Pipe cleaner/filters | ___ |
| ___ | Pipes | ___ |

**e. Miscellaneous** (List any damaged property and from where it was received; e.g., U.S. Marshal)

8. Items Alleged by Inmate to Have Value Over $100.00

Description of Property

Value Alleged by Inmate

**No individual item over $100.00**

9. Articles(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee): FTD (ALL LEGAL)

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

Comments

Printed Name/Signature of Receiving Officer:                    Date:                Time: 2:30P

I have today received the property returned to me. Signature of Inmate:                    Reg. No.:                Time:

b. Upon release of the inmate from the institution, detention, writ, the releasing officer will go over the inventory and make a second inventory of the inmate's housing. The inmate certifies release of the property, except as noted and all claims found, and receipt of a copy of the inventory by signing below. When the inmate certifies a discrepancy by the receiving officer, the releasing officer shall attempt to resolve that discrepancy. If the inmate states there is missing or damaged property, this information should be noted under Comments.

Comments

Printed Name/Signature of Releasing Officer:                    Date:

I have today reviewed the property returned to me. Signature of Inmate:                    Reg. No.:                Date:                Time:

**U.S. Department of Justice**

Federal Bureau of Prisons

**Inmate Personal Property Record—**

**Institution:** _____ ACM

| 1. Name: GARNES MARK | 2. Register Number: 24646-053 | 3. Unit: 3B | 4. Date and Time of Inventory 4-12-00 2:10P |
|---|---|---|---|

5. Purpose of Inventory (check one that applies): Date and Time of Action: 4-12-00/2:10P

a.___ Admission   b.___ Hospital   c.___ Writ   d.✓ Transfer   e.___ Detention   f.___ Release
g.___ Incoming package   h.___ Other (specify)   FTD

6. Disposition (Disp.)
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP-Record-102)

**7. Type of Property:**

a. _Personally Owned Items_

| # | Article | Disp. |
|---|---|---|
| 4 | Batteries | M |
| | Belt | |
| | Billfold | |
| | Books, reading hard___ , soft___ | |
| | Books, religious hard___ , soft___ | |
| | Brassiere | |
| | Cap, Hat | |
| | Coat | |
| | Coins | |
| | Comb | |
| 1 | Combination lock | M |
| | Dress | |
| | Driver's license | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hair brush/pick | |
| | Handkerchief | |
| | Jacket | |
| | Jogging suit | |
| | Legal Materials | |
| | Letters | |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | |
| | Pant/slacks | |
| | Pen, ballpoint | |
| | Pencils | |
| | Personal papers | |
| | Photo album | |
| | Photos | |

| # | Article | Disp. |
|---|---|---|
| | Plastic spoon, cup | |
| | Playing cards | |
| | Purse | |
| 1 | Radio (w/earplug) SONY | K |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| | Shoes | |
| 1 | Shoes, shower | M |
| | Shoes, slippers | |
| 1 | Shoes, tennis NIKE | M |
| | Shorts | |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| | Socks, athletic | |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| | Sweat pants | |
| | Sweat shirt | |
| | Trophy | |
| | T-Shirts | |
| | Underwear | |
| | Watch/watch band | |
| | Wig | |

b. _Hygiene, etc._

| # | Article | Disp. |
|---|---|---|
| | Dental floss | |
| | Dentures | |
| | Deodorant | |
| | Hair oil | |
| | Noxzema | |
| | Powder | |
| | Razor | |
| | Razor blades | |
| | Shampoo | |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap | |
| | Soap dish | |
| | Toothbrush | |
| | Toothpaste | |
| 5 | CUPS | M |
| 3 | TIDE | M |

c. _Hobbycrafts_

| # | Article | Disp. |
|---|---|---|

d. _Food/Tobacco Items_

| # | Article | Disp. |
|---|---|---|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| 3 | Honey, Hi-protein | M |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |
| 9 | OATS | M |
| 9 | NUT MIX | M |
| 5 | DATES | M |
| 3 | OATMEAL CLUSTERS | M |
| 3 | OATMEAL | M |
| 2 | GRANOLA | M |
| 2 | GRANOLA BARS | M |

e. _Miscellaneous_ (List any damaged property and from where it was received; e.g., U.S. Marshal)

**8. Items Alleged by Inmate to Have Value Over $100.00**

Description of Property

Value Alleged by Inmate

No individual item over $100.00

**9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):** FTD

**10. Claim Release: a.** The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Receiving Officer: J. DAVENPORT JR   Date: 4-12-00 Time: 2:30P

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No. 24646-053 Date: 4-12-00 Time: 2:30P

**b.** Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No.: _____ Date: _____ Time: _____

U.S. DEPARTMENT OF JUSTICE                    **INMATE REQUEST TO STAFF MEMBER**
Federal Bureau of Prisons

DATE _D_____

TO: _Warden Nancy Kaiser_____
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

On 6-29-01 I was detained in SHU pending Investigation.
To date, I have not received documentation as to what
this investigation pertains and the conclusive. I
request here written documentation(s) regarding
this matter inclusive of allegation(s) made by staff

_(Use other side of page if more space is needed)_

or inmate(s) with names redacted so as not to
interfere with your sources whether reliable I
request proof of history thus illustrating concrete
corroboration. It is my belief that this matter was concerns
by Capt. Mutchman & SIA Odell whom I have histories with
each to which this matter may be deemed vendetta.     Philpos

NAME: _Garvey, Mark_____  No.: _____

Work assignment: _____N/A_____  Unit: _SHU_

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)           DATE _____

_____
Officer

Original – File
Canary – Inmate

BP-148(55)

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

INMATE REQUEST TO STAFF MEMBER

DATE _____

TO: _WARDEN NANCY BAILEY_

(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

I've submitted these cop-outs & two BP8s concerning missing
property with the fact proceedures were not followed upon
securing & packing my property on 6-24-01. To which I've been
detained in SHU since said date. Cop-outs submitted to SIS
Prop. Officer Miele BP8 to UM CARROLL (SHU). On said date

(Use other side of page if more space is needed)

UNIT OFFICER (SHU) did not Inventory/Itemize my property.
According to Form BP-383(58) dated July 17th, 2001 there is
No signature by staff when conducting The itemizing. Seems as
though deprivation of my property is being concealed & the
Requests & Resolutions Obstructed. I Request Investigation thereof.

NAME: _GARNES, MARK_    No.: _24016-053_

Work assignment: _____N/A_____    Unit: _SHU_

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)    DATE _____

_____

Officer

Original – File
Canary – Inmate

BP-148(55)

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE REQUEST TO STAFF MEMBER**

DATE _____

TO: _____

(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

THE WITHHELD IS A DOCUMENT OF MY PERSONAL HUNGER

STRIKE SINCE TUESDAY 10-23-01, TO WHICH I HAVE REQUESTED VIA

COP-OUTS & INFORMAL RESOLUTIONS THE SUPERVISORS OF THE INVESTIGATION

I'VE BEEN DETAINED HERETOFORE, CONCLUDING THEREIN MY PROPERTY

BELONGING TO DATE, SEEING THE AFOREMENTIONED HAS BEEN OBSTRUCTING

IMPEDED BY UNIT       (Use other side of page if more space is needed)  MANAGER CARROL WHO

HAS TAKEN TO HANDLING PERSONALLY DOCUMENTS SUBMITTED BY ME IN

REFERENCING MY PERSONALLY (TAMPERED & REPLACING) I AM FURTHER

REQUESTING NOW TO THE MATTER REGARDING THE INVESTIGATION

PROPERTY, the discrepancies of this transfer have troubled steadily, be

resolved direct. No documented to which I believe & think my

property & life are being placed in jeopardy with this matter

NAME: _____  No.: ___24/01/053___

Work assignment: _____N/A_____  Unit: __SHU__

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)      DATE _____

_____
Officer

Original – File
Canary – Inmate

BP-148(55)

**U.S. Department of Justice**
Federal Bureau of Prisons

**Inmate Personal Property Record**
Institution: _FLA_

| 1. Name: Camos Mark | 2. Register Number: 24646-053 | 3. Unit: BB | 4. Date and Time of Inventory: 8/13/01 |

5. Purpose of Inventory (check one that applies): Date and Time of Action: 10/13/01 11:45
a. ___ Admission   b. ___ Hospital   c. ___ Writ   d. ___ Transfer   e. ___ Detention   f. ___ Release
g. ___ Incoming package   h. ___ Other (specify)

6. Disposition (Disp.)
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP–Record–102)

7. Type of Property:

a. Personally Owned Items

| # | Article | Disp. |
|---|---------|-------|
| 2 | Batteries | K |
| | Belt | |
| | Billfold | K |
| | Books, reading | K |
| 1 | hard ___ soft 5 | |
| | Books, religious | |
| 1 | hard ___ soft 1 | |
| | Brassiere | |
| 1 | Cap, Hat | K |
| | Coat | |
| | Coins | |
| | Comb | |
| | Combination lock | |
| | Dress | |
| | Driver's license | |
| | Earplug | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hair brush/pick | |
| | Handkerchief | |
| | Jacket | |
| 3 | Jogging suit | |
| | Legal Materials | K |
| 12 | Letters | K |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | K |
| | Pant/slacks | |
| | Pen, ballpoint | |
| | Pencils | |
| 14 | Personal papers | K |
| 25 | Photo album | K |
| | Photos | |

| # | Article | Disp. |
|---|---------|-------|
| | Plastic spoon, cup | |
| | Playing cards | |
| | Purse | |
| | Radio (w/earplug) | K |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| | Shoes | K |
| | Shoes, shower | |
| | Shoes, slippers | |
| 2 | Shoes, tennis size | |
| | Shorts | NIKE |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| 30 | Socks, athletic | K |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| | Sweat pants | |
| | Sweat shirt | K |
| | Trophy | |
| | T-Shirts | K |
| | Underwear | K |
| | Watch/watch band | |
| | Wig | |
| 1 | | K |
| 1 | | K |

b. Hygiene, etc.

| # | Article | Disp. |
|---|---------|-------|
| | Dental floss | |
| | Dentures | |
| 2 | Deodorant | D |
| | Hair oil | |
| | Noxzema | |
| | Powder | K |
| | Razor | |
| | Razor blades | |
| | Shampoo | K |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap | |
| | Soap dish | D |
| | Toothbrush | |
| 2 | Toothpaste | K |
| 1 | | K |
| 1 | | K |
| 2 | | K |
| 1 | | K |
| 1 | | K |
| 4 | | D |

c. Hobbycrafts

| # | Article | Disp. |
|---|---------|-------|
| 8 | | D |
| 1 | | D |
| 2 | | D |

d. Food/Tobacco Items

| # | Article | Disp. |
|---|---------|-------|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |

e. Miscellaneous (List any damaged property and from where it was received; e.g., U.S. Marshal)

1 Boot's missing
1 Inmate claims

8. Items Alleged by Inmate to Have Value Over $100.00
Description of Property                                                           Value Alleged by Inmate

☒   No individual item over $100.00

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Receiving Officer: _T. Schmitt / T. Schmitt_  Date: 2/3/01  Time: 11:54A

I have today reviewed the property returned to me. Signature of Inmate: ___  Reg. No.: 24646-053  Date: 2/3/01  Time: 11:54A

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: ___  Date: ___  Time: ___

I have today reviewed the property returned to me. Signature of Inmate ___  Reg. No.: ___  Date: ___  Time: ___

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing

MARK A. GARNES
Reg. No. 24646-053
P.O. Box 10 - Unit BB
FCI ELKTON
LISBON, OH 44432

FEBRUARY 4th, 2002

Hon Chief Justice Edward R. KORMAN
United States District Judge
United States District Court
Eastern District of New York
225 CADMAN PLAZA EAST
Brooklyn, New York 11201

RE: United States v. MARK GARNES 88CR496(s-14)(ERK)

DEAR HON. KORMAN:

I submit the withheld in Request to the Honorable
Court's Inquiry, should incident of defendant in RE, being
determined death by suicide, here at the current facility
(FCI ELKTON).

This matter concerning defendant, as grievant here at
the prison, filing grievances against staff for Harassment, Retaliation,
and discrimination. (BP8's: B359; B364, B365, B368, B373, B374)

Submission here that defendant/grievant is not suicidal, has
not been throughout his life nor pondered, ever, such a
decision. Considering the volatile environs emcompassing staff

RACISM, this submission before Your Honor is to clarify such death, should death occur under "strange" circumstances, being poisoning, placement in SHU on trumped up charges (ADMINISTRATIVE) or otherwise, resulting in death.

   Thanking Your Honor in advance to the withheld.

                         Respectfully submitted,

                         Mark A. Garnes
                         MARK A. GARNES
                         Reg. No. 24646-053
                         P.O. Box 10-Unit BB
                         FCI ELKTON
                         LISBON, OH   44432

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------------

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
states that "before an inmate seeks formal review of a complaint he must try to resolve the
complaint informally by presenting it to a staff member." The staff member must also try to
resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER:_____

INMATE'S NAME: Garnes, Mark      NO. 24646053 UNIT FB

1. Specific Complaint: On 1-24-02, BP8 submitted to ccc Smith (Unit RB) concerning
property missing due to staff Negligence at FCI Ft. Dix. On 2-21-02, submission of → (Next page)

2. Relief Requested: See Next Page

3. Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response:_____
_____
_____

6. Date Administrative Remedy provided: _____

7. Informal Resolution <u>was / was not</u> accomplished.

_____      _____
Inmate's Signature/Register No.               Date

_____      _____
STAFF MEMBER'S NAME & TITLE               DATE

_____      _____
UNIT MANAGER'S SIGNATURE                   DATE
The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this
inmate's complaint.

<u>DISTRIBUTION</u>: If complaint is informally resolved before being receipted, Correctional
Counselors shall maintain informal resolution form for future reference. If complaint is not
informally resolved, forward original resolution form, attached to administrative remedy, to the
Administrative Remedy Clerk.

PG 15

Pg. 2.

BP.8

Mark Garnes
24646-053
FB

BP 9s, case numbers 260768-F1; 260516-F1; 259317-F1; 260759-F1; 260755-F1; 260760-F1; 260753-F1, CCC Smith precluded Greivant from filing these appeals appropriately. On 3-7-02, Greivant attempted to convince counselor Smith to copy necessary complaints for appendage to BP10, this matter was ignored. On or about 3-11-02, Greivant sought to have a BB Team Member assist with this matter, to no avail. CCC Smith's negligence was retalitory and deliberate in hopes of discouraging Greivant from filing the aforemention, thus interfering with said Greivances. ~~P.S 1330. B, 8 a)~~ P.S. 1330.13-8.(a)

Resolution: Matter as to property properly investigated; Remaining Remedies permitted to be filed with accompanying/appended memorandums, per P.S. 1330.13-8(b); 2d para. Issues may be submitted, multiple issue related per P.S. 1330.13-8(c)(2)

* Greivant was detained in SHU per these request of assistance, except property matter.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) CCC Smith | DATE: 4-18-02 |
|---|---|
| FROM: GARNES, M. | REGISTER NO.: 24646-053 |
| WORK ASSIGNMENT: CAPT. CREW | UNIT: FB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

 On 1-24-02, I submitted a BP-8½ to you
regarding my property in Ft Dix To date I
have not Received a Response or status thereof.
Request status thereto.

**(Do not write below this line)**

DISPOSITION:
Received Inmate Request to Staff on Monday,
April 29, 2002. According to my records
Informal Resolution Number B371, addresses a
number of issues. Only one specific complaint
may be filed on the Informal Resolution Form.

| Signature Staff Member | Date 4-29-02 |
|---|---|

Record Copy - File; Copy - Inmate

U.S. DE_____NT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

111 1-16-02

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: GARNES, MARK            24646-053        B3        FCI ELKTON
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT        INSTITUTION

**Part A– INMATE REQUEST** ON OR ABOUT 12-21-01, EVENING CAPTAIN CREW STAFF, C.O. BUBE SIGNED A COP-OUT APPROVING MY PLACEMENT. UPON THIS APPROVAL, I SOUGHT CAPTAIN KRYER'S FURTHER SIGNATURE FOR APPROVAL AS PREVIOUSLY DISCUSSED WITH THE CAPTAIN. CAPTAIN KRYER ALONG WITH LT. MCCANIS RETRIEVED THE COP-OUT TO CONFIRM C.O. BUBE'S SIGNATURE. CONFIRMATION TOOK PLACE ON OR ABOUT DECEMBER 29th, 2001, WITH OFFICER BUBE IN MY PRESENCE, WITH LT. MCCANIS CONFIRMED HIS INITIALED SIGNATURE. LT. MCCANIS EXPRESSED THE COP-OUT WOULD BE FORWARDED TO CCC DEVIVO. FURTHERMORE, MY REQUEST FOR THE JOB CHANGE WAS DUE TO THE CURRENT JOB ~~EARLIER~~ DETAIL (CMS) INTERFERING WITH MY MORNING PRAYERS (SHEMA & AMIDAH)(JEWISH RELIGION), WHICH I ADDRESSED VIA COP-OUT TO CAPTAIN KRYER ON OR ABOUT 12-14-01. THUS ADVISED TO SEE THE COMPOUND OFFICERS IN CHARGE. AS AFOREMENTIONED CONSIDERING RESPONSE (BP 8½) IMPLYING DETAIL AVAILABILITY, THIS INSTITUTION'S CAPACITY IS BEYOND THEREFORE, JOB ASSIGNMENTS WILL MEET THE SAME PRESSURES. SEEMINGLY, THIS JOB ASSIGNMENT, AS WELL OTHER SELECT DETAILS ARE RESERVED FOR A CERTAIN TYPE, CLASS OF INMATES. THEREBY OPPOSING OTHER INMATES WITH SUBSTANTIAL AND VALID CONCERNS. P.S. 1040.04, 28CFR.SSP. I REQUEST PLACEMENT ON A JOB DETAIL THAT PERMITS MY RELIGIOUS PRACTICES IN ACCORDANCE WITH P.S. 5360.07, 11[b]. FURTHER REQUEST THAT NO RETALIATION IS TAKEN UPON GRIEVANT FOR THE FILING OF THIS WITHHELD CONSIDERING STAFF HERE AT FCI & FSL ELKTON ARE CLOSE KNIT AND POTENTIALLY VINDICTIVE FOR SUCH GRIEVANCES. IN THE INTERIM, I REQUEST TEMPORARY ASSIGNMENT UNTIL A JOB ASSIGNMENT CAN BE APPROPRIATED. CMS DOES NOT PAY ME ANYWAY.

January 16th, 2002                                    Mark A. Garnes
      DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

R. L. Williams

2/21/2002
      DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 259317-F1

                                                  CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT        INSTITUTION

SUBJECT: _____
2-1-02                                                        Ps 18

## REQUEST FOR ADMINISTRATIVE REMEDY
## PART B - RESPONSE

Remedy I.D.: 259317-F1

This is in response to your Request for Administrative Remedy receipted February 1, 2002, in which you request a change in your work assignment to accommodate your religious practices, specifically, morning prayers.

Investigation into the matter reveals that on December 18, 2001, after completing the Institution Admission and Orientation (A&O) Program, you were assigned to the Mechanical Services work detail. You state that on December 21, 2001, you submitted an Inmate Request to Staff Member requesting a job change, which was appropriately signed by both detail supervisors approving the change from Mechanical Services to Captain's Crew PM. You also state that the Lieutenant was going to forward this request to the A&O Counselor for disposition. The A&O Counselor states that he did not receive this request; therefore, he could not process the change. At that time, the Mechanical Services detail supervisor informed the A&O Counselor that you were unable to participate in prayer, because you state that the Mechanical Services area was not sanitary to complete your morning prayer. On January 23, 2002, upon receiving this notice, the A&O Counselor changed your work assignment to the Captain's Crew AM work detail.

Program Statement 5360.08, Religious Beliefs and Practices, states that "if the religious tenets of an inmate's faith are violated or jeopardized by a particular work assignment, a different work assignment ordinarily shall be made after it is requested in writing by the inmate." Institution Supplement 5251.05B, Inmate Work & Performance Pay Program, states "Inmates will ordinarily remain in their initial detail a minimum of 90 days and subsequent reassignments for a minimum of 180 days." Staff have already made a change in your work assignment to better accommodate your religious practice of morning prayers.

Based on these findings, your Request for Administrative Remedy is partially granted.

**If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of** Prisons, Northeast Region, U.S. Custom House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106, within 20 calendar days of the date of this response.

R. L. Morrison, Warden                    2/21/2002

R. L. Morrison, Warden                    Date

October 8, 1997
Attachment A

7:30
R

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM
### FCI, ELKTON, OHIO

1-18-02    B364

...au of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: 1364

INMATE'S NAME: GARNES, MARK     NO. 24646-053 UNIT BB

1. Specific Complaint: STAFF THREATS BY CMS General Foreman Mellenger AS TO MY BEING TARDY. I EXPLAINED ENTITLEMENTS TO EAT & TO CONDUCT MY PRAYERS.

2. Relief Requested: Should tardiness be INVALID Place me IN SHU & NOT WITH THREATS of SUCH WITH INFRACTIONS (COR 307). Time allotted does not permit me to EAT & PRAY, which this is being neglected.  1-18-02  4:27 p.m.

3. Date/Time Complaint received from inmate: 1-18-02  4:27 p.m.

Date/Time Informally discussed with inmate: 1-25-02  7:40 am

Staff Response: INMATE STATED THAT ISSUE WAS "PARTLY RESOLVED, HOWEVER THERE IS NO RESOLUTION" INMATE WANTS TO PROCEED TO NEXT STEP. INMATE AGREED THAT THE STAFF MEMBER WAS DOING HIS J...

Date Administrative Remedy provided: 2-1-02

7. Informal Resolution was / was not accomplished.

M. D.  24646-053          1-25-02
Inmate's Signature/Register No.          Date

1-25-02          2-5-02
                  Received delay
                  being turned
                  due to...

STAFF MEMBER'S NAME & TITLE          DATE

K. G. Cain          1-25-02
UNIT MANAGER'S SIGNATURE          DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional counselors shall maintain informal resolution form for future reference. If complaint is not formally resolved, forward original resolution form, attached to administrative remedy, to the administrative Remedy Clerk.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*M   2-1-02   118*

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: GARNES, MARK _____ 24646-053 _____ BB ____ FC ELKTON

    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A– INMATE REQUEST Upon Assignment to CMS, Greivant Submitted a cop out to CMS Gen. Foreman Mellenger, stating that detail interfered with Greivant's morning & noon prayers (Shema & Amidah) of Greivant's religion (Judaism). Thereafter, by suggestion to find a detail that would approve, detail change would be made subsequently, CMS Gen. Foreman Mellenger began to question any thing Greivant did. Why wasn't I working going out on passes. I noted declining to sign safety sheets. This seemed to exasperate Mr. Mellenger, targeting Greivant, by withholding legal work til the last man thru the metal detector. Stating, I held up the line. This was crass behavior on Mr. Mellenger's behalf, where the Alarm on the detector signaled INMATES possibly had metal materials on their persons, An inmate would have to empty his pockets, pat searched, & return thru the detector. A process that elapsed the procedure that searching minimal papers of 1 inch. This continued til Greivant ceased bringing the legal work, but harassment continued in other areas. Request appropriate Repremand is administered by Executive Staff.

2-4-02
DATE

Mark Garnes
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

    DATE

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon...*

ORIGINAL: RETURN TO INMATE

WARDEN OR REGIONAL DIRECTOR

CASE NUMBER: 260755-F

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

2-21-02

7:30

October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO          B 365 PR 1-18-02

...u of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: B365

INMATE'S NAME: GARNS, Mark          NO. 24646-053  UNIT BB

1. Specific Complaint: Harassment by cms staff, Gen. Foreman Mellenger & ▓▓▓▓ seemingly Im targeted due to Religious belief & ethnicity som...

2. Relief Requested: Considering any little thing I do is being Addressed, for the last we... it is here that staff CEASE targeting me for matters that Are NARROWED to Exciva...

3. Date/Time Complaint received from inmate: 1-18-02  4:27 p.m.

4. Date/Time Informally discussed with inmate: 1-25-02  8:45am

    taff Response: INMATE STATED THAT HE VIOLATED POLITIES AND WANTED A "SHOT" INMATE DID NOT WANT TO RESOLVE THIS ISSUE.

    Date Administrative Remedy provided: 2-1-02

7. Informal Resolution was / (was not) accomplished.

M. Da          24646-053          1-25-02
Inmate's Signature/Register No.          Date

                                         1-25-02
STAFF MEMBER'S NAME & TITLE          DATE

                                         1-25-02
UNIT MANAGER'S SIGNATURE          DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional ...ounselors shall maintain informal resolution form for future reference. If complaint is not ...ormally resolved, forward original resolution form, attached to administrative remedy, to the ...inistrative Remedy Clerk.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: GARNES, MARK                24646-053            BB            FCI-ELKTON
_____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT            INSTITUTION

**Part A– INMATE REQUEST** GREIVANT SUBMITS HERE THAT COUNTLESS CASE LAW EXIST WHERE STAFF's ACTIONS HAS DENOUNCED SAID INTEGRITY. Mr. Mellenger's potential for gaundlessness to his integrity exist. COLE v. JOHNSON, 861 F2d 943 (CA6, 1988). With Greivant receiving unusual comments from inmates of CAUCASIAN PERSUASION, suggesting sympathizers with Mr. Mellenger's personal animus against/opposing Greivant's ethnic & religious belief (JUDAISM-"BLACK JEW") posits said questioning of Mr. Mellenger's integrity. With a shakedown occuring on 1-29-02 by Unit BB Officer Seilbert, which lasted over an hour, plausibly dictates that Greivant can be framed by staff as well. Particularly, attention was given to Greivant's assigned area & property. Request Reprimand is afforded by EXECUTIVE STAFF. Greivant states he is not suicidal, as to death occuring & labelled ACCIDENTAL, as such has occurred in the B.O.P. Notification to SENTENCING JUDGE KORMAN TO CONDUCT THOROUGH INQUIRY SUCH DEATH OCCUR

2-4-02
_____
DATE

Mark Garnes
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 260759-F
_____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

2-21-02                                                                         P.E. 23
_____
DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO        B359 R 1-4-02

...u of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: B359

INMATE'S NAME: Garnes, Mark        NO. 24646-053 UNIT BB

1. Specific Complaint: Denial of Religious Practices. 28 CFR Sec (?)
P.S. 5360.07(1)(5?)

2. Relief Requested: Request Job Change which permits morning & noon prayers (SHEMA & AMIDAH) to be conducted Appropriately

3. Date/Time Complaint received from inmate: 1/7/02 10:50 AM

4. Date/Time Informally discussed with inmate: 1/15/02 6:48 pm

staff Response: As of 1-08-02 I HAVE NOT RECEIVED A COP-OUT FROM YOU FOR A REQUEST TO CHANGE DETAIL TO A PM WORK SHIFT SUBMIT A COP-OUT TO THE A&O COUNSELOR WITH DETAIL SUPERVISOR SIGNATURES

Date Administrative Remedy provided: 1-16-02    AND IF THE DETAIL IS AVAILABLE A-D NOT FULL I WILL ATTEMPT TO MAKE THE CHANGE FOR YOU!

7. Informal Resolution was / (was not) accomplished.

X M Dais, 24646-053        1-15-02
Inmate's Signature/Register No.        Date

[signature]        1-08-01
STAFF MEMBER'S NAME & TITLE        DATE

[signature]        1-16-02
UNIT MANAGER'S SIGNATURE        DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional ...unselors shall maintain informal resolution form for future reference. If complaint is not ...ormally resolved, forward original resolution form, attached to administrative remedy, to the ...inistrative Remedy Clerk.

P.C. 24

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

R 2-1-02   116

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** GARNES, MARK    24646-053    BB    FCI ELKTON
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** Greivant submits matter partially resolved due to detail change, permitting Greivant to conduct his morning & noon prayers (SHEMA & AMIDAH). As result of detail at CMS prior to, Greivant's tardiness is justified by entitlement to eat & to conduct as much of the missed prayers within prescribed time allotted for lunch break. Prayers being made up daily precluded Greivant from reaching CMS before the gates closed. However, the WARDEN, being made aware of this matter, also the captain & A.W.P. failed to interfere per 28 CFR secs. 548.10 & 551.90. With the constant threats from CMS Gen. Foreman Mellenger intensifying, I suggested he place me in SHU, instead of attempting to intimidate me with threats of infractions & SHU to which I was being deprived of my Religious practices & belief in Accord to the Constitution therewith the CMS assignment. Considering the damage has been done, compensation cannot be awarded via Executive or Administrative reprimand. For the matter waives upon punitive incisions relative to Mr. Mellenger's predilection opposing my Religious practices & belief, plausibly Greivant's ethnicity.

2-04-02
DATE

*Mark Garnes*
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

3/11/2002
DATE

*R.L. Morrison*
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 260768-F1

CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____ LAST NAME, FIRST, MIDDLE INITIAL ____ REG. NO. ____ UNIT ____ INSTITUTION

SUBJECT: _____
2-21-02
DATE    P.E.25
RECIPIENT'S SIGNATURE (STAFF MEMBER)

## REQUEST FOR ADMINISTRATIVE REMEDY
## PART B - RESPONSE

Remedy I.D.: 260768-F1

This is in response to your Request for Administrative Remedy receipted February 21, 2002, in which you make a complaint that your previous detail supervisor attempted to intimidate you with threats of infractions and placement in the Special Housing Unit due to your tardiness in reporting to your assigned work detail.

Investigation into this matter reveals that you had incurred some difficulty in reporting to your work detail at an appropriate time. You indicate that your participation in your religious practice of conducting morning prayers prohibited you from reporting to the Mechanical Services detail at the requested time. Thereby, your detail supervisor made comment to you that you were to report to your work detail at the appropriate time and that tardiness would not be tolerated. At which time your detail supervisor was made aware of the conflict you had incurred as the allotted time was not conducive to your religious practice of conducting morning prayers.

Program Statement 5360.08, <u>Religious Beliefs and Practices</u>, states that "if the religious tenets of an inmate's faith are violated or jeopardized by a particular work assignment, a different work assignment ordinarily shall be made after it is requested in writing by the inmate." Upon your detail supervisor being made aware of the conflict with your religious practices of conducting morning prayers, a change of your work detail was completed to accommodate your religious beliefs and practices. In regards to comments made by the Mechanical Services detail supervisor in his attempts to promote a responsible work practice of reporting to your detail at an appropriate time, in your Informal Resolution Form you acknowledge that the detail supervisor was "doing his job." Within your Request for Administrative Remedy, you do not request any administrative remedy relief. Additionally, your Informal Resolution cites that there is no resolution. Program Statement 1330.13, <u>Administrative Remedy Program</u>, states that "Inmates have the responsibility to use this Program in good faith and in an honest and straightforward manner." Staff have made good faith efforts to resolve your concerns.

**Based on the above, your Request for Administrative Remedy is neither denied nor granted but is for informational purposes only.**

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U. S. Custom House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106, within 20 calendar days of the date of this response.

_____    _____
R. L. Morrison, Warden            Date  3/11/2002

P₂. 26

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | GARNES, MARK | 24641-053 | BB | FCI-ELKTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** - Greivant submits here that on Assignment to CMS, Greivant Refused to sign safety sheets, thus waiving responsibility unto the Bureau of Prisons (FCI Elkton). Ms. Weiner was present with the General Maintenance Supervisor, when Noting, Greivant stated his religious practices precludes him from waiving such responsibilities. Greivant expressed his religion was Judaism. On Jan. 18th, 2002, Greivant had a callout for Dental, Ms. Weiner stated a truck was on the compound, I couldn't leave. However, other CMS inmates were able to meet their 9:00 AM callouts, CMS Weiner had furthered harassment by ordering Greivant to cut his legal work down, complied. On the following day an additional order, same matter was given by another CMS staff, subsequent Greivant discontinued bringing his legal work to avoid further interaction. An order, direct was NEVER given to discontinue bringing legal work, policy was not violated by disobeying an order. These matters were set to harass Greivant due to his Religious belief. Greivant Request Appropiate Reprimand by Executive Staff.

| 2-4-02 | Mark Garnes |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 260753-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

2-21-02

P.E. 27

October 8, 1997
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM
#### FCI, ELKTON, OHIO

DSB373 1-24-02

\ ...u of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _B373_

INMATE'S NAME: _Carnes, Mark_   NO. _24646-053_ UNIT _BB_

1. Specific Complaint: Harassment by CMS staff, Ms. Winee, seemingly targeting grievant due Religious belief & ethnicity

2. Relief Requested: Considering any little thing grievant does, is being Addressed over the last week, it is hope that staff cease harassment that are narrowed to grievant

3. Date/Time Complaint received from inmate: _1-24-02 1:55pm_

4. Date/Time Informally discussed with inmate: _1-25-02 8:27am_

   Staff Response: _INMATE STATED THAT HE VIOLATED TWO POLICYS AND THAT HE WANTED MS. WEENER TO WRITE HIM A SHOT. INMATE DID NOT WANT TO RESOLVE THIS ISSUE. WHEN ASKED IF HE WANTED TO BE TREATED DIFFERENT FROM THE OTHER INMATES ASSIGNED TO FACILITY HE STATED "NO"_

   Date Administrative Remedy provided: _2-1-02_

7. Informal Resolution was / was not accomplished.

_M.D_ _24646-053_                _1-25-02_
Inmate's Signature/Register No.                Date

_FHC, MGR_                _1-25-02_
STAFF MEMBER'S NAME & TITLE                DATE

_____                _1-25-02_
UNIT MANAGER'S SIGNATURE                DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not formally resolved, forward original resolution form, attached to administrative remedy, to the appropriate decision maker.

P.E. 28

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

2-1-02  114

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: GARNES, MARK          24646-053          BB          FCI-ELKTON
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST** Greivant submits that CMS staff Weiner's initiating retaliation due to complaints filed. To which, inmates & correctional staff have commented to said filings, Greivant being a "Trouble Maker", directly from CMS Mgr. Ranum that Greivant is playing "Games", attempting to intimidate Greivant with the array of racist groups on this compound. Greivant has incurred in passing "Black Jews cause more problems", suggesting Ms. Weiner has alerted said persons of these groups, sympathizing with her, to Greivant's filings. COLE v. JOHNSON, 861 F.2d 943 (CA6, 1988) clearly demonstrates actions of inmate sympathizer Greivant here submits that appropiate administrative reprimand is accorded herewith. In addition, C.O. Seilbert, on 1-26-02, by random selection or by suggestion of staff conducted a shakedown of Greivants assigned cubicle area, which carried on from 6:00 p.m. to 7:15 p.m., beyond the average time frame of a single cubicle shakedown, however, consistent with a mass unit shakedown by a third of the time. Whether this shakedown was on behalf of CMS Weiner's proposal is not known, strange this shakedown occurs on the evening of the day resolution was sought. Concluding, Greivant notes he is not suicidal, that is should accidental death accue by Greivant being placed in SHU. Sentencing Judge Korman has been given notice that a thorough inquiry be conducted in case death befell Greivant.

2-4-02                                    Mark Garnes
DATE                                      SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

If dissatisfied with this response you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

**ORIGINAL: RETURN TO INMATE**

WARDEN OR REGIONAL DIRECTOR

CASE NUMBER: 260760-F1

**Part C– RECEIPT**                          CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

2-21-02
DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

P.E. 29

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------------------
Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
states that "before an inmate seeks formal review of a complaint he must try to resolve the
complaint informally by presenting it to a staff member." The staff member must also try to
resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _____ 1167 _____

INMATE'S NAME: _ Garnes, Mark _____ NO. _24646-053_ UNIT _ FB _
1. Specific Complaint: Preferential Treatment, Discrimination, Retaliation by CSW
Sweeney was deliberate, in that targeting Grievant to attend Town Hall Meet
                                              other inmates excluded
2. Relief Requested: _ Administrative Reprimand appropriated according to _
P.S. 3420.08, Attachment A. - This matter occurred on 2-20-02

3. Date/Time Complaint received from inmate: _5-6-02 7:00 9/m_

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: Case Manager Stated that Inmate Is
Beyond deadline for Admin. Remedy. ftl

_____

6. Date Administrative Remedy provided: _5-8-02_

7. Informal Resolution was / was not accomplished.

Mark Garnes 24646-053          5-9-02
Inmate's Signature/Register No.          Date

_____ Counsl     5-9-02
STAFF MEMBER'S NAME & TITLE          DATE

                                     5-15-0<
_____            DATE
UNIT MANAGER'S SIGNATURE
The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this
inmate's complaint.

_____ complaint is informally resolved before being receipted, Operational
Counselors should ____ this informal resolution form for future reference, if the informal report not
_____

M. GARNES
24646-053
SHU

2/21/02

Mr. SWEENEY:

Request 4 BP9s to Remedy ID
260753-F1 & 260755-F1. 3 BP8s to
Remedy Discrimination. 2 BP IDs for
260760F1 & 260759-F1 (4 copies of
letter 2)

Received this request from
I/M Garnes on 2/26/02 at 5:00
P.
J.E. Carmen, U/M.



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Federal Correctional Institution*
*Elkton, Ohio 44415*

Date:     April 17, 2002

Reply To
Attn Of:    R.L. Morrison
            Warden

Subject:    Inmate Request to Staff Member Response

To:     Garnes, Mark
        Reg. No. 24646-053
        Unit F/B

This is in response to your Inmate Request to Staff Member dated March 1, 2002, in which you state that your Case Manager would not provide you with an Administrative Remedy form.

Institutional Supplement 1330.13, <u>Administrative Remedy Program</u>, states that Correctional Counselors have been delegated the task of providing Administrative Remedy Forms to inmates. Case Managers have not been assigned the responsibility of processing inmate Administrative Remedies. It appears that you did not follow the established procedures in your attempts to obtain your Administrative Remedy forms. In the future, you should direct your request to your Correctional Counselor.

I trust this information addresses your concerns regarding this matter.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 17, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ELKTON FCI

TO    MARK GARNES, 24646-053
      ELKTON FCI    UNT: UNIT F    QTR: F07-035U
      8730 SCROGGS ROAD P.O.BOX 89
      ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 268019-F1        ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : MAY 17, 2002
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.   INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS        : DO NOT RESUBMIT AT INSTITUTION.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

1167 SLS

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Garnes, Mark | 24646-053 | FB | FCI Elkton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** This matter is not beyond the deadline, per F.S. 1330.13, 7( a), where greivant attempted to have CSW Sweeney on 2-21-02, to present greivant with BP 8 so that matter may be pursued. Again this request was made to CCC Smith some days later  (See BP 292 – Staff Sign In Form).  To which an extension may begranted per P.S. 1330.13, 8(b).  It is here that CCC Smith noted to Greivant that upon conclusion of DHO Hearing, Greivant may pursue the issue, explaination was given to CCC Smith that this matter was unrelated to the incident report.  To which, Greivant was denied BP 8.  Upon release from SHU on 4-3-02, Greivant submitted this matter at the nearest convenience, considering such was held by UM Milton from on or about 4-8-02, thereafter noting a time and date must be applied therewith. Per 1330.13, 8(b)–"AN EXTENDED PERIOD OF TIME DURING WHICH THE INMATE WAS  PHYSICALLY INCAPABLE OF PREPARING A REQUEST OR APPEAL; AN UNUSUALLY LONG PERIOD TAKEN FOR INFORMAL RESOLUTION ATTEMPTS."  To which, verification, therewith this section of program statement, may be obtained from the BP 292, also the appended request made to Unit BB Team Members.  Where administrative reply notes CCC Smith was the appropriate staff to request informal resolutions and administrative remedies applications.  P.S. 1330.13, 8(c)(1), ordinarily Counselor is the staff to obtain said forms.  However, under extraordinary circumstances, institution staff may appropriate these forms. Endeavor to hinder Greivant from filing complaint is an act of retaliation and discrimination for initiating this actions here held and previous greivances.  Greivant request resolution to pursue these matters without hinderance or interference by CSW Sweeney, UM Milton, or any other staff directly or indirectly affiliated with said persons, personally or within the containment of their professional capcities.

May 9th, 2002

_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 268019-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: 5-17-02

PL 34

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 19, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARK GARNES, 24646-053
      ELKTON FCI     UNT: UNIT F     QTR: F07-035U
      8730 SCROGGS ROAD P.O.BOX 89
      ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 268019-R1        REGIONAL APPEAL
DATE RECEIVED   : JUNE 11, 2002
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : THIS OFFICE AGREES WITH INST., YOU FILED UNTIMELY.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: Garnes, Mark                    24646-053              FB            FCI Elkton
       LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**  Greivant submits here that this matter here appealable is not untimel per P.S. 1330.1, 8(b).  Request for memorandum to supportffact that Greivant was detained in Segregation, impeding filing of complaint.  Attempts to retain BP-8 from Unit Team Members were ignorred, to which, precluded Greivant from filing this matter more timely. UM Milton (Unit FB) withheld the filed BP 8 upon Greivant's release from SHU, thus, furthering impeding the filing of said complaint.   These actions are deliberate by staff members thereof the  Unit B and Unit F Teams, to which, the concerns are to keep the records of staff members CCC Smith, CSW Sweeney clear of complaints.
          Resolution requested, that this matter is permitted to be filed at the institution level, appropriate reprimand is exercuted, and Greivant receives no further harassment from UM Milton or other staff members, retatiory or otherwise for the filing of complaints.   ALso, that Greivant is permitted to file complaints without staff interference thereby circumventing the complaints filed upon submission from Greivant.

May 20th, 2002                                    _Mark A. Garnes_
_____                                _____
DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                                _____
DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _268019-R1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                       CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

SUBJECT: _____                                                          P.E. 36

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 15, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MARK GARNES, 24646-053
      ELKTON FCI    UNT: UNIT F    QTR: F07-035U
      8730 SCROGGS ROAD P.O.BOX 89
      ELKTON,  OH 44415

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 268019-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : JULY 12, 2002
SUBJECT 1        : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
             (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
             ABOUT.

REMARKS          : WE CONCUR WITH THE INSTITUTION'S & REGIONAL OFFICE'S
                 RATIONALE FOR REJECTING YOUR APPEAL.

artment of Justice                                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-
ments must be submitted with this appeal.

From: ___Garnes, Mark_____    ___24646-053___    __FB__    __FCI Elkton__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A—REASON FOR APPEAL** This matter should not be deemed as untimely, as the matter was addressed in a timely
manner. This incident occurred on 3/31/02, Grievant submitted an informal resolution on 4/15/02.   Within the
20 day period this matter was filed.   Again this matter was submitted due to Chaplain Cozzen refusing to reply
thereon the BP 8, delaying the submission of the BP 9.   Grievant submits here that the matters here are being
circumvented to prevent resolution(s) appropriated.   This unethical conduct should not be tolerated, with
endeavors to deter Grievant from filing.   Resolution requested that such conduct as circumventing Greivant's
complaints when they arre well within the time period.   Chaplain Cozzens is reprimand for continuous acts of
denial, retaliatory conduct, and staff responsibilities as the institution's chaplain, meaningfully to serve the
religious organizations here at FCI Elkton.

___July 1st, 2002_____                    _Mark Garnes_____
　　　　DATE　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

　　　　　　　DATE　　　　　　　　　　　　　　　　　　　　　　　GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE** ‖‖‖ JUL 12                    CASE NUMBER: __268019—__

**Part C—RECEIPT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

---

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _1169_

INMATE'S NAME: _Garnes, Mark_ NO. _24646-053_ UNIT _FB_

1. Specific Complaint: On or about 4-8-02, Greivant submitted 2 BP8s to CCC Stonebreaker on 4-9-02 Greivant was summoned to UM Milton's office to discuss the issues. → (NEXT PAGE)

2. Relief Requested: Um milton ceased endeavors to interfere with Greivants filing complaints, with no retributions to ensue

3. Date/Time Complaint received from inmate: _5-8-02 >30 day_

4. Date/Time Informally discussed with inmate: _5-10-02_

5. Staff Response: This inmate has misinterpreted the session on what the discussion took place. The intent was to determine the inmates Psychological State via Comenly Session to determine inmate appropriateness for FCI-Elkton

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

_Mark Garnes 24646-053_          _5-13-02 (rec'd)_
Inmate's Signature/Register No.          Date

_____                          _5-15-02_
STAFF MEMBER'S NAME & TITLE               DATE

_____                          _5-28-02_
UNIT MANAGER'S SIGNATURE                  DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

**DISTRIBUTION**: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

P.E. 39

BP ~8

MAEL GARNOS
24646-053
FB

These Issues pertained to ccc smith preventing Greivant from
filing gretvances. Um milton stated he'd look into the mattees,
the second being csw sweeney's discrimination towards Greivant
Per P.S. 1330.13-8.(a). Greivant had 20 days to Address the
issues, to be extended per P.S. 1330.13-8(b), which Um milton
noted he'd seek obtaining memos permitting continuance
to file. To date, these matters have not been Addressed by
Um milton unto Greivant

On 4-30-02, Greivant was summoned to Um milton's
office once again, this session pertaining to Greivant's
filing of complaints. In short, Greivant was depicted,
comparably as a nuisance, with denotings that these
matters would not be changed/resolved. In light of
this discussion, Um Milton's intentions were to
intimidate Greivant, thereby resulting, intending to
discourage Greivant from pursuing further complaints.
Um milton's Action Are unprofessional per P.S. 3420.08

Greivant may seek resolution to Any issue relevant to
his imprisonment. P.S. 1330.13-1.

Considering Um milton's assertions on dates herewith
Greivant suon's no retaliations by Um milton or fellow
staff for the filing of complaints. These denotings
sho on depicted incidess of dicequlise the fine that
Snou'e Shou'e which occur that Greivant's conditie
per the such request no further BPs Spos 3430-08 is
per given upon requysed without review.



**U.S. Department of Justice**

Federal Bureau
of Prisons

---

*Federal Correctional Institution
Elton, Ohio 44415*

Date:       May 9, 2002

Reply To
Attn Of:    R. E. Milton
            Unit Manager

Subject:    Continuation 8 ½

As Unit Management we have the responsibility to determine inmate programs and encourage
pro-social institution and community behaviors that benefit Inmates, Staff, Victims, and Society.
This is accomplished through functional Unit Management and effective interaction.

P.L. 4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 5, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARK GARNES, 24646-053
      ELKTON FCI     UNT: UNIT F     QTR: F07-035U
      8730 SCROGGS ROAD P.O. BOX 89
      ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 269270-R1        REGIONAL APPEAL
DATE RECEIVED   : JULY 2, 2002
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: SEE REMARKS.

REMARKS         : THIS OFFICE AGREES WITH INST. THAT YOU FILED
                  UNTIMELY.

Ps 47

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*1169 SLS*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Garnes, Mark | 24646-053 | FB | FCI Elkton |
|-------|-----------|-----------|-----|-----------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**  Greivant submits here that UM Milton has circumvented this matter suggesting the "session" was to determine Greivant's state of mind.   Greivant has no pshchological problems relevant to be treated by the psychology department.  All discusse primarily pertained to Greivant filing complaints against former Unit Team Members (Unit B), to which, UM Milton said the filing would not change anything, surely with Grievant's continuance as a nuisance, it would certainly not be addressed.  Overall, UM Milton's manner of speaking with Greivant on these matters were endeavors to intimidate, demean, and discourage Greivant from filing these greivances.  It was not until this filing that UM Milton returned greivances submitted to him upon Greivant's released from SHU on or about April 8th, 20C2.   Per P.S. 3420.08, UM Milton should attempt to intimidate, demean, or interfere with Grievant's rights to file complaints.   Greivant request that no further harassment occurs, nor antagonistic remarks by UM Milton towards Greivant is tolerated.   Seemingly, UM Milton increased this behavior upon receiving the BP-8 Complain attempting to provoke a revolutionary spirit therefrom Greivant, to which Greivant ignorre seeing the tactic/approach thereof UM Milton.  That Greivant is permitted to file complain per P.S. 1330.13(1).

May 20th, 2002
_____
DATE

*Mark A. Garnes*
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon*

ORIGINAL: RETURN TO INMATE

CASE NUMBER:

_____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Garnes, Mark | 24646-053 | FB | FCI Elkton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** This matter has been deemed untimely, to which, Grievant submitted this matter within a timely manner. Staff has circumvented the dates to denote an untimely filing/submission thereof the BP 8. FCI Elkton's practices for Administrative filings of grievances goes beyond the policy, creating their own manner of operations and procedures. This facility being contracted by private entity seeks to maintain a minimal record of filed complaints against staff. Thus, creating discriminatory practices thereby ploys and stratagems. Accordingly, the P.S. 1330.13(a) does not inscribe a time period thereof filing informal resolution. Grievant here filed the BP 8 well after the meeting with UM Milton (FB), within reasonable time. Considering the ACA was auditing the institution during that time period, staff here elected to disregard grievant's complaint til completion of audit, therewith the Program Review. In accord to 28 CFR § 542.14(a), grievant filed the BP 8 within the prescribed time. Discrimination to circumvent a right constituted should not be tolerated, on the premises of P.S. 1330.13(1). Grievant request for resolution herewith that appropriate reprimand and procedures for filing grievants per P.S. 1330.13 are not interfered thereby circumvention with dates being altered or implied to bypass the prescribed periods. Reprimand as to UM Milton's actions towards greivant endeavoring to intimidate. P.S. 3420.09(9)(c)(2) and (4) with regard to (c)(5) being applied. UM Milton failed to report this conduct to the CEO of FCI Elkton.

**\*This matter may be tardy due to Copy Machines inoperable over the last couple of weeks. Confirmation may be confirmed by Ms. Clegg (Ed. Dept.) & Unit Team (FB)**

| June 19th, 2002 | Mark A. Garnes |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 269270-R

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____          P.E.49

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
states that "before an inmate seeks formal review of a complaint he must try to resolve the
complaint informally by presenting it to a staff member." The staff member must also try to
resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _____ 1160 _____

INMATE'S NAME: Garnes Mark _____ NO. 24646-053 UNIT FB _____

1. Specific Complaint: Discrimination: Chaplain Cozzens placed a religious book in flooded
water consisting of defecation & urination on 3/31/02 during the Passover, thus desecrating the material

2. Relief Requested: Administrative Reprimand thereby P.S. 3470.08 (ATTACHMENT A)

_____

3. Date/Time Complaint received from inmate: 4-17-02  7:30 A/m

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

_____

_____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

_____        _____
Inmate's Signature/Register No.            Date

_____        _____
STAFF MEMBER'S NAME & TITLE                DATE

_____        _____
UNIT MANAGER'S SIGNATURE                   DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this
inmate's complaint.

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional
Counselors shall maintain informal resolution form for future reference. If complaint is not
informally resolved, forward original resolution form, attached to administrative remedy, to the
Administrative Remedy Clerk.

P.r. 45

U.S. Department of Justice

Federal Bureau of Prisons

~ Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed :-DIR-9 including any attachments must be submitted with this appeal.

From: ___Garnes   Mark___     ___24646-053___     ___FB___   ___FCI Elkton___
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A—REASON FOR APPEAL** Policy Statement 1330.13(7)(a) attempted to in rmally resolved this matter thereon or about April 15, 2002, some 16 days after the occurrence.   This matter as re-addressed due to Chaplain Cozzen's failure to forward the BP 8 back to Counselor Stonebreaker (Unit B).   Within the alloted time, Grievant submitted a BP 8 regarding this matter (Here appended).   The time frame within which Grievant has addressed these matter s are not untimely, according to P.S. 1330.13(8)(a permits 20 days for submission. Greivant here submitted complaints within that time frame.   March 31st, 2 02 is when the initial incident occurred, upon release from SHU on April 3rd, 2002, Grievant obtained a B 8 from Counselor Stonebreaker submitting therewith incident of 3/31/02 on or about April 15th, 2002.   Cr plain Cozzen's attempted to resolve occurred on or about April 18th. 2002.   With no Staff Response inscribed thereon the BP 8, Ms. Stonebreaker returned the BP 8 advising Chaplain Cozzen's he must give a response.   To date, Chaplain Cozzen has not complied. Attempting to resolve this matter in his own fashion, Chaplain Cozzen forwa d a Haggadah Pamphlet to Counselor Stonebreaker, as I explained in the religious material's purpose had pass d. thus Chaplain Cozzzen's interfering with Grievant's religious practices was irreparable.   Grievant request solution thereby Chaplain Cozzen responding appropriately to submitted Grievances without delay or hinderan e, that no further actions of ference with religious practice are not encompassed by Chaplain Cozzen's, wh ch seems to continue with a matter of late, to which, in short, Chaplain Cozzen has noted that the Jewish Pra er Book is not mandatory nor necessary for religious practice.   Furthermore, that appropriate reprima is administered for the actions of Chaplain Cozzens.
June 5th, 2002

_____    _Mark Garnes_____
　　　　　　DATE　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____        _____
　　　　　　DATE　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _269264-R1_

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____    _P & 46_

BP-230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 19, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO. : MARK GARNES, 24646-053
      ELKTON FCI    UNT: UNIT F    QTR: F07-035U
      2730 SCROGGS ROAD P.O. BOX 89
      ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : : 269264-R1        REGIONAL APPEAL
DATE RECEIVED  : JUNE 12, 2002
SUBJECT 1      : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: SEE REMARKS.

REMARKS        : THIS OFFICE AGREES WITH INSTITUTION THAT YOU FILED
                 UNTIMELY.

P.E.47

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

------------------------------------------------------------

ureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
ates that "before an inmate seeks formal review of a complaint he must try to resolve the
omplaint informally by presenting it to a staff member." The staff member must also try to
esolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

------------------------------------------------------------

NFORMAL RESOLUTION NUMBER: _____1168_____

NMATE'S NAME: GARNES, MARK____ NO. 24646-053 UNIT FB

. Specific Complaint: On or About 4-18-02, Chaplain Cozzens Attempted to resolve
informal Resolution submitted on 4-17-02, Grievant declined signing with matter "Not → (Next Page)

. Relief Requested: Chaplain Cozzens Returned BP 8 filed on 4-15-02, so
Greivant may pursue matter Administratively.

. Date/Time Complaint received from inmate: 5-8-02  73°AM 

. Date/Time Informally discussed with inmate: 5-14-02

. Staff Response: MR. COZZENS TALKed to Inmate, All
INcident HAppened Approximately 3-31-02, White
Inmate WAS IN SHU.   5-14-02

. Date Administrative Remedy provided: _____

. Informal Resolution was / was not accomplished.

Mark A. Garnes          5-17-02
nmate's Signature/Register No.        Date

_____          5-20-02
STAFF MEMBER'S NAME & TITLE        DATE

                  5-28-02
_____
NIT MANAGER'S SIGNATURE          DATE
he Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this
nmate's complaint.

ISTRIBUTION: If complaint is informally resolved before being receipted, Correctional
ounselors shall maintain informal resolution form for future reference. If complaint is not
nformally resolved, forward original resolution form, attached to administrative remedy, to the
dministrative Remedy Clerk.

P.E. 48

Resolved." Upon returning aforementioned, to CCC Stonebreaker, said Informal Resolution was returned to Chaplain Cozzens for "Staff Response." Chaplain sought to compensate Greivant with replacing religious book desecrated. Greivant refused to accept from CCC Stonebreaker this religious material. As explained to Chaplain Cozzens, the damaged had been committed, which was IRREPARABLE due to the religious observance elapsing.

Chaplain Cozzens'-actions were deliberate, discriminatory, violative of Greivant's right to due process & religious freedom to be exercised without interference. P.S. 1330.13-1; P.S. 5360.08; Inst. Supp. 5360.08BB

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 3, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ELKTON FCI

TO  : MARK GARNES, 24646-053
      ELKTON FCI    UNT: UNIT F    QTR: F07-035U
      8730 SCROGGS ROAD P.O.BOX 89
      ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 269264-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : JUNE 3, 2002
SUBJECT 1       : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                ABOUT.

P.E. 50

U.S. DEPARTMENT OF JUSTICE                    REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Garnes, Mark                    24646-053          FB          FCI Elkton
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST** Greivant submits here that Chaplain Cozzen has interfered with Greivant right to file complaints per P.S. 1330.13(1), therewith the Fifth Amendment of the U..S Constitution, thus, violating Greivant's rights to Religious Practices, freely, without impediments from prison staff or others. Greivant filed a BP 8 against Chaplain Cozzen on or about April 17th, 2002, attempting to resolve this matter thereon or about April 18th, 2002, Greivant explained to Chaplain Cozzen that the damage was done, the religious pamphlet (Hagadah) could not be accepted nor read for the PASSOVER due to the act of desecration committed by Chaplain Cozzen. Where this matter, material, was slid under the door of a cell in SHU during a flood of urination, defecation, and drainage for the sewage system therein SHU. Attempting to replace this pamphlet with a new one was beyond the time frame and necessity according to religious practice. Chaplain Cozzen refused to abided by the procedural process of signing the BP 8, encircling "Not Resolved" nor returning said form upon CCC Stonebreaker returning said form to Chaplain Cozzen for these specific reasons. To date, Chaplain Cozzen has not returned this complaint, thus, impeding upon Greivant's right to file any matter pertaining to this confinement.

Resolution requested, that Chaplain Cozzen return the BP 8 with the signature, "Not Resolved" thereon with date. That no further interference with Greivant's filing, should it come to this matter ever again pertaining to Chaplain Cozzen is hindered.

May 20th, 2002
     DATE                                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

     DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER:

                                                    CASE NUMBER:

**Part C- RECEIPT**

Return to:
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:

     DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)
                                                       BP-229(13)

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _Garnes, Mark_____ _24646-053_____ _FB____ _FCI Elkton_____
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.          UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** This matter should not be deemed as untimely, with Greivant's diligence to obtain informal resolution forms via request (written) to Unit FB Staff, such being ignorred, submission of same to executive staff, deterring the matter by stating counselor's duties are to service inmates with such. However, an inmate housed in SHU, as Grievant during this time was without daily contact with Counselor Smith, upon CCC Smith coming to SHU, Greivant continued these requests. CCC Smith refused to give Grievent informal resolutions to address matters. These actions were deliberate to prevent Grievent from addressing grievances. In request for supporting memorandums, Greivant was refused such. Impediments by Staff have caused this matter to go beyond the time periods, such is not on account of Grievant who sought diligently to have these matters addressed in timely fashions according to P.S. 1330.13. Resolution requested that these matters are addressed accordingly without retaliatory actions by staff. That Staff Members noted therein the appended are reprimended due to these unethical practices. The BP 292s from Grievant Housed in SHU shall illustrate Unit Team Members visiting SHU, SHU Sign-Ins being each occasion Grievant requested for BP 8s, BP 9s to submit complaints, to no avail were these submissions, verbally due to cop-outs submitted or written , acknowlegded with fulfillment.

_July 1st, 2002_____                          _Mark Garnes_____
         DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____ DATE _____            JUL 12            GENERAL COUNSEL _____

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _269264_

**Part C—RECEIPT**

                                                    CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.       UNIT         INSTITUTION

SUBJECT: _____

_____                                                    P.E. 57
         DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                              BP-231(13)
                                                                     APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 15, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MARK GARNES, 24646-053
      ELKTON FCI    UNT: UNIT F    QTR: F07-035U
      8730 SCROGGS ROAD P.O.BOX 89
      ELKTON,  OH 44415

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 269264-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : JULY 12, 2002
SUBJECT 1       : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS         : WE CONCUR WITH THE INSTITUTION'S & REGIONAL OFFICE'S
                  RATIONALE FOR REJECTING YOUR APPEAL.

P. 53.

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates",
states that "before an inmate seeks formal review of a complaint he must try to resolve the
complaint informally by presenting it to a staff member." The staff member must also try to
resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _1161_

INMATE'S NAME: Garnes, Mark    NO. 24646-053 UNIT FB

1. Specific Complaint: Discrimination sec Housing Unit on property, deprived me of practicing Religious customs PRAYER BOOK (Siddur) was not permitted upon issuing property disallowing my PRAY

2. Relief Requested: Administrative change in SHU policy on property permitting Religious materials to be issued.    to be conduc Perper

3. Date/Time Complaint received from inmate: _4-17-02  730 A/m_

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____
_____
_____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

_____      _____
Inmate's Signature/Register No.         Date

_____      _____
STAFF MEMBER'S NAME & TITLE           DATE

_____      _____
UNIT MANAGER'S SIGNATURE              DATE
The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this
inmate's complaint.

**DISTRIBUTION**: If complaint is informally resolved before being receipted, Correctional
Counselors shall maintain informal resolution form for future reference. If complaint is not
informally resolved, forward original resolution form, attached to administrative remedy, to the
Administrative Remedy Clerk.

P.E. 54

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Garnes, Mark | 24646-053 | FB | FCI ELkton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** INstitutional Supplement ELK 5580.053 and Policy Statement 5580.08 are guidelines to what is authorized for inmates detained in SHU.    FCI Elkton's Instit. Supplement omits religious prayer books, religious mediallions, religious books, pamphlets, etc.    Literature that is pertinent and prescribed thereby religious tenets. In the case of grievant, deprivation to practice religious faith while detained in SHU was denied, the requested prayer book (Siddur) was indeed softcover, also, request for the religious guide for greivant's faith was softcover.    Per Warden Morrison's reply to this Administrative Remedy, upon consulting Chaplain Cozzen, these materials are not required nor manadatory.    This matter goes beyond just mere discrimination, but an out-right deprivation of grievant's right to freedom of religious, to practice freely without the interuptions of staff or otherwise.    The Siddur prayer book accustoms the tenets to be demonstrated while conducting the prayers (Shema-Shacharit; Amidah), the Jewish religion encompasses many prayers to be conducted throughout the day, as well during the holiday periods tenets  are conducted therewith the Siddur.    Religious Services are incorrect in their indications.    Request no  further impediments with prayers and that SHU Institutional Supplement permits religious materials.   Also that Prayer Book is returned.

| May 31st, 2002 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                                    CASE NUMBER: 266638-R1

**Part C—RECEIPT**

CASE NUMBER: _____

| Return to: _____ | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

BP-230(13)

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Remedy I.D. :266638-F1

This is in response to your Request for Administrative Remedy receipted May 1, 2002, in which you allege that staff have deprived you of your freedom to practice your religious customs, such as, not providing you with the prayer book (Siddur) for your use while housed in the Special Housing Unit (SHU).

Investigation into this matter indicates that inmates housed in SHU will not be permitted hard cover books. Program Statement 5270.07, Inmate Discipline and Special Housing Units, indicates that any books entering SHU will be soft cover only. Religious Services' staff verified that the Jewish Prayer Book was not required nor mandatory in the practice of your religion.

Based on these findings your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Custom House, 7th Floor, 2nd & Chestnut Streets, Philadelphia, Pennsylvania 19106, within 20 calendar days of the date with this response.

_____        ___5/17/2002___
R.L. Morrison, Warden                 Date

P.E.56

GARNES, Mark
Reg. No. 24646-053
Appeal No. 266638-R1
Page One

---

## Part B - Response

In your appeal, you state your right to free exercise of religion
was violated at FCI Elkton.  You claim that you were not being
allowed to have Jewish prayer books while housed in the Special
Housing Unit (SHU).  You request that these materials be allowed.

An investigation into your appeal revealed that it had been
determined that the prayer book you request was not required for
the practice of your religion.  Upon further review and
discussion with the contract Rabbi, it had been determined that
the request for the prayer book was proper.  You returned to the
general population on April 3, 2002 and are no longer in SHU.  If
you were returned to SHU, upon proper request to the Chaplain,
you would be allowed access to this book.  To this extent, your
appeal is granted.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: July 11, 2002

M. E. RAY
Regional Director

P.E. 57

U.S. DEPARTMENT OF JUSTICE          **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Garnes, Mark | 24646-053 | FB | FCI Elkton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**    "SENSITIVE"  Chaplain Cozzen has stated that the Jewish Religion and Practices thereto are not mandatory nor acceptable at this institution.   Staff (Administrative Remedy Coordinator) contacted Religious Services to confer regarding Grievant's complaint thereof Chaplain Conzzen pllacing a religious pamphlet under a door in SHU, which was flooded with urine and defecation.   Chaplain Cozzen's response literally opposed Grievant's rights to practice his religious belief.   This statement clearly evinces denial of religious customs, practices, tenents, and religion.  Chaplain Cozzen, when approached by Grievant, as well, Chaplain Johnson, to conclude which Chaplain made the statement was accompanied by a fellow Jewish parishoner, Anthony Geter, 20260-016. This matter occurred on May 28th, 2002, at appoximately 12:40 p.m.  Chaplain Cozzen is incorrect in "Verified" statement: "Religious Services' staff verified that the Jewish Prayer Book was not required nor mandatory in the practice of your religion."  This statement is clearly discriminatory and violative of Grievant's rights to religion.  Each religious sector known to man has a tome of scriptural, edification, outlining tenets to to be practiced accordingly.  Also, the Siddur, Jewish Prayer Book outlines the donning of Tefillin, Tallit, when prayers are to be conducted, how they are to be conducted. Resolution requested:  Chaplain Cozzen's actions are retaliatory for the filing of grievances previous hereto this matter.  Appropriate executive reprimand is to be administered accordingly, that this matter of Jewish inmates cease with Chaplain Cozzen.

| DATE | Remedy I.D.: 266638-F1 | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE             CASE NUMBER: _____

                                                   CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

P.E.58

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|

BP–229(13)
APRIL 1982

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------------------

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for
Inmates", states that "before an inmate seeks formal review of a complaint he must try to
resolve the complaint informally by presenting it to a staff member." The staff member must
also try to resolve the complaint "informally" before the inmate will be given an Administrative
Remedy Form.

--------------------------------------------------------------------------------

INFORMAL RESOLUTION NUMBER: _____1164_____

INMATE'S NAME: Garnes, Mark _____ NO. 24646-053 __ UNIT FB
1. Specific Complaint: Discrimination & 1st Amend. Right to Religious practice.
Chaplain Johnson & Lt. Bolan endeavors to confiscate & deny wearing of
                                                            religious headgear.
2. Relief Requested: Religious headgear is permitted per P.S. 5360.08 & Inst.
Supp. 5360.08BB, with no specifics as to type, measures, or colors. No other
religious preference targeted because of head wear. P.S. 3420.08

3. Date/Time Complaint received from inmate: 4-24-02 8 30 A/m

4. Date/Time Informally discussed with inmate: 4/25/02

5. Staff Response: As A Jewish inmate, Garnes is permitted to wear a YAMULKA,
NOT A CROWN.
_____

6. Date Administrative Remedy provided: 4/25/02

7. Informal Resolution was /(was not) accomplished.

x M. G. Garnes _____          4-25-02
Inmate's Signature/Register No.          Date

J. Johnson _____          4/25/02
STAFF MEMBER'S NAME & TITLE          DATE

_____          _____
UNIT MANAGER'S SIGNATURE          DATE
The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve
this inmate's complaint.

**DISTRIBUTION**: If complaint is informally resolved before being receipted, Correctional
Counselors shall maintain informal resolution form for future reference. If complaint is not
informally resolved, forward original resolution form, attached to administrative remedy, to the
Administrative Remedy Clerk.

P.E. 59

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Remedy I.D.: 267252-F1

This is in response to your Request for Administrative Remedy receipted May 8, 2002, in which, you claim that you are being deprived of practicing your religious tenets freely because you are restricted from wearing a Religious Crown.

Investigation into the matter reveals that your religious preference in SENTRY is Jewish. According to Program Statement, 5360.08, Religious Beliefs and Practices, the Yarmulke (Jewish skullcap) is the Bureau of Prison's approved religious headwear for inmates of the Jewish faith. Additionally, the Contract Rabbi claims that the Yarmulke is the usual and expected headwear for followers of the Jewish faith. The religious headwear that you have requested to wear in practice of your faith is not considered a Yarmulke, but a Religious Crown. You are not being deprived of practicing your religious tenets freely by being restricted from wearing a religious crown, because it is not a requirement of the Jewish faith.

Based on these findings, your request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Custom House, 7th Floor, 2nd & Chestnut Streets, Philadelphia, Pennsylvania 19106, within 20 calendar days of the date of this response.

_____          6/6/2002
R. L. Morrision, Warden                Date

P.E. 60

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*1164 SLS*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Garnes, Mark | 24646-053 | FB | FCI Elkton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Chaplain Johnson's dictations unto what defines religious headgear is discriminatory and dictative, per PS 5360.08(15) and Inst. Supp. 5360.07BB, does not give definitives of headwear to be worn by Judaism followers.  Chaplain Johnson ignores the multiple religious headwear worn by Jewish factions.  See appended exhibits Restricting Greivant from wearing religious headgear other than a yarmulke is clearly discriminatory.  Lt. Bowling's interference, thereby provocating Chaplain Johnson to denote the headwear as unauthorized, attempting to confiscate religious headgear further's this discrimination and personal animus of said lieutenant. Greivant has a constitutional right to freely practice the tenets and principles of Religion.  Chaplain Johnson's verbal reply unto Greivant that Israelites are not Jewish continues restrictives.  Webster's Dictionary's definition of a Jew is: Israelite; one whose religion is Judaism.  Staff may not deprive Greivant of right to practice religious tenets freely. Resolution requested, Chaplain Johnson's restrictions of religious practices are ceased.  Thus, as a result, Chaplain Johnson has infringed upon Greivant's right to freely practice religion.   Punitively, damages have been imposed by the initiatives noted herewith.

May 2nd, 2002
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

6/6/2002
DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 261252 F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

5-8-02

P.E.61

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: JULY 5, 2002

FROM:  ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARK GARNES, 24646-053
     ELKTON FCI    UNT: UNIT F    QTR: F07-035U
     8730 SCROGGS ROAD P.O.BOX 89
     ELKTON,  OH 44415


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 267252-R1      REGIONAL APPEAL
DATE RECEIVED   : JULY 2, 2002
SUBJECT 1       : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
               MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
               RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
               INCLUDES MAIL TIME.

REJECT REASON 2: SEE REMARKS.

REMARKS        : YOU PROVIDE NO STAFF VERIFICATION THAT FILING LATE
               WAS NOT YOUR FAULT.

P.E.62

**U.S. Department of Justice**        **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: Games, Mark     24646-053    FB    FCI Elkton
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** Grievant submits here that the discriminatory practices hereof Religious Practices impedes upon grievant's right to practice his religious belief freely.   To which, FCI Elkton staff has liminted Grievant's wearing of a yalmulke, which is ordinarily worn by the Jewish Parishoners.  However, FCI Elkton's Chaplain Staff fail to realize there are several factions of the Jewish Religion other than Orthodox.   As Grievant is a practicing Israelite.  Headgear consisting of crowns, tams, are worn by the Israelite Jew, due to the customs attained by Israelite, one may opt to wear all or just the yalmulke.  Staff here at FCI Elkton's P.S. 5360.09D proscribes the wearing of headgear beyond the yalmulke, this is discrimination and violative of First Amendment right to religion.  , In addition, retaliatory due to the Chaplain services disdainment for the Jewish Community here at FCI Elkton.   To which, the Jewish Community is not acknowledged with Chaplain Johnson and Cozzens, with hardship, the Jewish Community has to struggle to attain their rights to practice religion.  To which, other religious groups of the Christian and Catholic Faith receive little or no problems to freely practice their religious belief.   Only the Jewish, Islamic, and Rastafarian Communties. This show of favortism should not be tolerated. PS. 3420.09(c).  Resolution requested that Grievant is permitted to wear Tam, crown, or headgear relevant to religious practice as Israelite without interference thereof FCI Elkton Staff or the Chaplain Services..   That retaliatory, discriminatory actions are ceased with the Jewish Community.   Appropriate reprimand is exrerded.

   **\*This matter may be tardy due to Copy Machine inoperable over last couple of weeks, this may be confirmed by Ms. Clegg (Ed. Dept.) & Unit Teams (FB)**

June 19th, 2012         _Mark A. Games_
    DATE                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

DATE             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _267252-R1_

**Part C—RECEIPT**

                                  CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

     P.E. 63

BP–230(13)
APRIL 1982

ELK 1330.13A
October 8, 1997
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI, ELKTON, OHIO

--------------------------------------------------------------------------------

Bureau of Prisons Program Statement 1330.13 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INFORMAL RESOLUTION NUMBER: _____1177_____

INMATE'S NAME: Garnes, Mark _____ NO. 24646-053 UNIT __FB__

1. Specific Complaint: On 6-27-02, the Jewish Community conducted a religious fast. Chaplain Cozzens was responsible for insuring F/S was aware, so (Over)

2. Relief Requested: Appropriate steps to cease Chaplain Cozzens actions need to be taken to cure this on-going matter.

3. Date/Time Complaint received from inmate: 7-1-02  7:35 a/m

4. Date/Time Informally discussed with inmate: July 7, 2002 10:55 A.M.

5. Staff Response: Chaplain Cozzens spoke with inmate Garnes regarding this situation. I showed him the memorandum sent to the Food Service notifying them of this fast of the day of Tammez.

6. Date Administrative Remedy provided: July 7, 2002

7. Informal Resolution was (was not) accomplished.

_____          _____7-7-02_____
Inmate's Signature/Register No.                     Date

_____          _____July 7, 2002_____
STAFF MEMBER'S NAME & TITLE                        DATE

_____          _____
UNIT MANAGER'S SIGNATURE                            DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

**DISTRIBUTION**: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

P. E. 64

2 of 2

BP 8 - Per P.S. 5360.08 and 3420.08
Mark Garnes - Reg. No. 24646-053 - Unit FB

that the Jewish Parishoners were to receive meals accordingly.

Chaplain Cozzens Memorandum was not forward to the F/S Administrators nor F/S Staff.  To which, I obtained from Chaplain Johnson thereon June 27th, 2002, at approximately 6:00 p.m. upon conflictions resulting from F/S Staff and Lt. McCandless.   In addition, I spoke with Mr. Tolliver, who stated he was not aware of the Jewish Fast for this date.

Chaplain Cozzens actions towards the Jewish Community here at FCI Elkton has been consistent with denying religious practices. Administratively, there seems to be no reprimand to cure these on-going matters.   Appropriate steps need to be taken for this negligence, retaliatory actions, discrimination, deprivations to practice religious beliefs according to the tenets to be cease.

P.E. 65



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*
*Elkton, Ohio 44415*

Date:        June 13, 2002

Reply To
Attn Of:    Chaplain Stephen E. Cozzens

Subject:    Jewish Day of Fasting

To:         Wayne Ryan, Food Service Administrator

Thru:       Glen K. Johnson, Chief Chaplain

The following Jewish inmates have requested a Certified Food bag lunch equaling three meals to be picked up at the dinner meal, so that they can participate in the fast on the 17th day of the month of Tammuz on June 27, 2002.  Please prepare Certified Food bag lunches on the 27th of June 2002 for the following inmates:

Garnes     24646-053     F/B
Mizrahy    60444-004     C/B
Nwaebo     37951-053     E/B
Geter      20290-016     D/A
Sturman    51638-004     E/B
Tenamee    34630-037     B/B

P.E. 66



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Federal Correctional Institution*
*Elkton, Ohio 44415*

6/13/02

Date:         June 27, 2002

Reply To
Attn Of:      Chaplain Stephen E. Cozzens

Subject:      Jewish Day of Fasting

To:           Wayne Ryan, Food Service Administrator

Thru:         Glen K. Johnson, Chief Chaplain


The following Jewish inmates have requested a Certified Food bag lunch equaling three meals to be picked up at the dinner meal, so that they can participate in the fast on the 17th day of the month of Tammuz on June 27, 2002.  Please prepare Certified Food bag lunches on the 27th of June 2002 for the following inmates:

| | | |
|---|---|---|
| Garnes | 24646-053 | F/B |
| Mizrahy | 60444-004 | C/B |
| Nwaebo | 37951-053 | E/B |
| Geter | 20290-016 | D/A |
| Sturman | 51638-004 | E/B |
| Tenamee | 34630-037 | B/B |

P.E. 67

**From:**      Stephen Cozzens
**To:**        Ryan, Wayne K.;  Stiltner, Karen A.;  Tolliver, Danny L.
**Date:**      6/13/02 3:10PM
**Subject:**   Jewish Day of Fasting


**CC:**        Johnson, Glen K.

P.E. 68

# PROGRAM REVIEW REPORT

**WORK PERFORMANCE RATING:** Garnes is assigned to the Captain's Crew AM. He receives satisfactory work reports.

**INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:** April 3, 2002-Code 307 Refusing an Order of Any Staff Member.

**FRP PLAN/PROGRESS:** Garnes completed his FRP obligation on December 10, 1992.

**RELEASE PREPARATION/PROGRESS:** RPP Needs January 2008.

**CCC RECOMMENDATION:** CCC placement discussed 18-24 months from release date.

**PROGRESS MADE SINCE LAST REVIEW:** Garnes has completed the AIDS Awareness class, since last program review.

**GOALS FOR NEXT PROGRAM REVIEW:**

**Goal:** Education requests that Garnes enroll and complete the AM Fitness Class, offered in the Recreation Department, by next program review.

**Intervention:** Participation in this course will enhance his cardiovascular health.

**Goal:** Unit team requests that Garnes enroll and complete Counselor Garland's Beat the Streets Group before his next program review.

**Intervention:** Participation in this course will can help as he re-adjusts to the community when released from federal custody.

**LONG TERM GOALS:** Garnes will maintain clear conduct throughout the remainder of his incarceration.

**OTHER INMATE REQUESTS/TEAM ACTIONS:**

**SIGNATURES:**
**UNIT MANAGER:**   R.E. Milton_____          **INMATE:**_____

         **DATE:**   June 28, 2002___          **DATE:** June 28, 2002_____

P.E.69

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

# PROGRESS REPORT

___FCI Elkton___                                              June 6, 2002
Institution                                                        Date

Inmate Reviewed:

X _M. Garnes_           June 6, 2002           _S. Wilyak_
Inmate's Signature          Date               Staff Signature

| | |
|---|---|
| **1. Type of Progress Report:** | |
| Initial:_____   Statutory Interim:_____   Pre-Release:_____ | |
| Transfer:__x___   Triennial:_____   Other (specify):_____ | |

| 2. Name | 3. Register Number | 4. Age (DOB) |
|---|---|---|
| GARNES, Mark | 24646-053 | 39 (05-15-1963) |

**5. Present Security/Custody Level**
Low/IN

**6. Offense/Violator Offense**
  Possession With Intent to Distribute Cocaine Base

**7. Sentence**
  352 Months, SRA Sentence, Five Years Supervised Released and $150 Felony Assessment Fee

| 8. Sentence Began | 9. Months Served + Jail Credit | 10. Days GCT/orEGT/SGT |
|---|---|---|
| 01-04-1991 | 138 Months + 145 Days JCT | 688 |

| 11. Days FSGT/WSGT/DGCT | 12. Projected Release | 13. Last USPC Action |
|---|---|---|
| 0/0/14 | 06-03-2010 via GCT | Not Applicable |

**14. Detainers/Pending Charges**
  None noted

**15. Co-defendants**
  See PSI

Distribution: Inmate File
              U.S. Probation Office (final progress report only)
              Parole Commission Regional Office (if applicable; final progress report only)
              Inmate

P.r. 70

Page 2
## PROGRESS REPORT - Continued

Name: GARNES, Mark        Reg. No.: 24646-053        Date: June 6, 2002

16.   Institutional Adjustment:

a.  Program Plan: Inmate Garnes was received at FCI Elkton on December 5, 2001, for service of his sentence. He has demonstrated average institutional adjustment while incarcerated at this facility. His interactions with staff and inmates is appropriate and his Unit Team does consider him to be a management problem. He met with his Unit Team for an Initial Program Review on January 3, 2002. At that time, Unit Team recommended the following programs: enroll in ACE Recreation or Business, complete Unit based Counselor Groups and maintain clear institutional conduct, cube sanitation and receive good work reports.

b.  Work Assignments: Inmate Garnes has been assigned to the Captain's Crew, since April 3, 2002. He works approximately four hours per day, sweeping the inner compound's sidewalks. He receives good work reports. Garnes has also been assigned to General Maintenance work detail since his arrival at FCI Elkton. He received good work reports. While designated at various other BOP facilities, he has been assigned to Facilities, Barber Shop, Orderly and Food Service. He has received satisfactory work reports.

c.  Educational/Vocational Participation: A review of inmate Garnes' educational transcript indicates he is English proficient and has his GED. Since his arrival at FCI Elkton, he has completed the AIDS Awareness class. He is not currently enrolled in any educational or business classes.

d.  Counseling Programs: The Unit Team has encouraged Garnes to participate in unit based counseling programs. A review of his file material indicates he has not completed any counseling programs.

e.  Incident Reports.

| Date/Institution: | Code/Offense: | UDC/DHO Sanctions: |
|---|---|---|
| 04-03-2002/ELK | 307/Refusing an Order | UDC/ Change of Quarters, 15 Days D/S, suspended 180 clear conduct |
| 09-06-2001/FTD | 307/Refusing an Order | UDC/ 30 Days Loss of Commissary and 30 Days Loss of Visiting |
| 01-16-1996/SCH | 307/Refusing an Order | DHO/ 14 Days Loss of GCT and 15 Days D/S |
| 09-08-1993/LEW | 305/Possessing Unauthorized Item | UDC/ Suspend for 3 months based on clear conduct- Commissary and Quarters |

f.  Institution Movement:

| Date | Institution | Type of Transfer |
|---|---|---|
| 01-14-1991 | USP Lewisburg | Initial Designation |
| 05-31-1995 | FCI Schuylkill | Less Security/308 |
| 01-31-1996 | FCI Allenwood | Close Supervision/323 |
| 03-22-2000 | FCI Fort Dix | Less Security/308 |
| 12-05-2001 | FCI Elkton | Close Supervision/323 |

g.  Physical/Mental Health: Inmate Garnes is assigned regular duty with no medical restrictions. He is cleared for Food Service duty. He appears to be in favorable mental health with no need for staff intervention.

P.E. 71

Page 3
**PROGRESS REPORT** - Continued

Name: GARNES, Mark        Reg. No.: 24646-053        Date: June 6, 2002

---

h   Progress on Financial Responsibility: At the time of sentencing, the court imposed $150 Felony Assessment Fee. Garnes completed payment on this obligation on December 10, 1992. There are no other known court-ordered financial obligations.

17.   **Release Planning:** After he completes his incarceration, Garnes is scheduled term five years Supervised Release with the Eastern District of New York.

a.   Residence:        To be secured

b.   Employment:        To be secured

c.   USPO:        James M. Fox, Chief USPO
             Eastern District of New York
             United States District Court
             705 Clinton Street, Suite 405
             Brooklyn, New York 11201-4201
             718-254-7335

d.   Release Preparation Program (RPP): Inmate Garnes' Unit Team recommends Garnes participate in the RPP classes, effective December 3, 2007.

**NOTIFICATION UNDER TITLE 18 USC 4042 (B) ARE REQUIRED, DUE TO CONVICTION OF DRUG TRAFFICKING.**

18.   **Dictated By:**        _(signature)_                    June 6, 2002
             S. Wilczak, Case Manager            Date

19.   **Date Typed:**        June 6, 2002

20.   **Reviewed By:**        _(signature)_                    6-6-02
             R. E. Milton, Unit Manager            Date

P.E. 72

ECI RECD D

COM TO
11/0
ATTACHME

## FEDERAL CORRECTIONAL INSTITUTION
## CUMBERLAND, MARYLAND

### ADMINISTRATIVE REMEDY ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.13, Administrative Remedy Program, requires, in mos
cases, an attempt at informal resolution prior to issuing a formal request form.

Inmate Name: GARNES, MARK    Reg. No. 24646053  Unit A

Nature of the Complaint: Discrimination: Approval of Assignment then
circumvented by CCC Sines, whom contacted SOE Ms Clifton
encouraging AND/or coercing to disprove Geisvant for
Assignment As Law library clerk - where other(s) of CAUCASIAN
descent approved and Assigned thereafter; Also, assumed due to grievant litig. effort

What Resolution Is Requested? ___ Placement according
to initial approval - considering population pressures here
at FCI Cumberland, each department exceeds its
designed quota

Efforts Made to Resolve the Grievance: Verbally discussed with
CCC Sines & SOE Ms. Clifton on 8-16 & 8-20-02,
Respectively.

Counselor's Comments: I am obligated to inform staff on
information I feel is important as staff and did not recommend
any removal from the detail. Ms Clifton is
in charge of Education and makes the determin
on who she wants on her detail.

Sins   8-26-02            S. Sins  8/26/0

Unit Manager's Review/Date       Correctional Counselor/Date

Counselor fills in dates below:
Informal resolution form issued to inmate: ___ 8/26/02  Stoll & Sab
Informal resolution form returned to Counselor: _____
BP 229(13) issued to inmate: _____
BP 229(13) returned to Counselor: _____        P.E. 73

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISON

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Clifton, Ed. Supervisor | 8-12-02 |
| FROM: Mark Garnes | REGISTER NO.: 24146-053 |
| WORK ASSIGNMENT: N/A | UNIT: A2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Request for Assignment on your detail as clerk (Law
Library).

Thank you.

(Do not write below this line)

DISPOSITION:

OK to put on
Edu Detail for
Law Clerk
job

8-14-02

| Signature Staff Member | Date |
|---|---|

Record Copy · File; Copy · Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

P.E. 79

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Mr. Harris (F/S) | DATE: 8-20-02 |
|---|---|
| FROM: Mark Garnes | REGISTER NO.: 2466-053 |
| WORK ASSIGNMENT: N/A (car (A10)) | UNIT: A1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Request Assignment to your Labor Pool

Thank you

(Do not write below this line)

DISPOSITION:

S. Sm  See
Am Labor Poll.
8-23-02

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94

Pg. 75

BP-S148.055 INMATE REQUEST TO STAFF CDFRM

SEP 98

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRI

| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| Warren Sherman | 8-29-02 |
| FROM: | REGISTER NO.: |
| Garnes, Mark | 24646-053 |
| WORK ASSIGNMENT: | UNIT: |
| NA | A1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action bei
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Sir, submission here concerns rejection of work detail (8-1
thereafter appeal) Photo(s) taken by SIS office Lichter on
8-20-02 (Lt's office). Seemingly each stems from Allegations
disproven at prior institutions (FCI Elkton Ft. Dix, & Alkenxxx
to which CCE Sines (A1) circumvented the denial of detail
(Approval (Addressed on grievances) soon after SIS photos I note
here that plausibly, your staff is targeting me discriminately
& retallatorily for Actions I have taken with Redressing
These Allegations Results, which have been continuous. I
submit here that should I be detained in your Segregation
Housing Unit for Any Reason Relevant to Investigation (SIS) of

(Do not write below this line).

DISPOSITION:

| Staff Member | Date |
| --- | --- |

P. 676

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE    2 of 2    FEDERAL BUREAU OF PRI~

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| WARDEN | 8-29-02 |
| FROM: GAINES, Mark | REGISTER NO.: 04646-053 |
| WORK ASSIGNMENT: N/A | UNIT: A1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
continue on back, if necessary. Your failure to be specific may result in no action bei~
~aken. If necessary, you will be interviewed in order to successfully respond to your
~equest.)

AN Infraction. I Request the United States District Court
Justices overseeing my litigation are notified. (ie. Hon Chief
Judge E. R. Korman (E.D.N.Y.); Hon Judge W. W. Caldwell (M.D.Pa.)
As a result of detainment, I request my property (personal & legal)
is appropriated IN an ethical & procedural Manner, consistent
with my property not being disposed or confiscated without proper
documentation I have receipts for property purchased here at
your facility & previous facility (FCI Elkton). In addition, that my
personal & legal mail is provided in which neither interfeses
with the security of your institution.         Respectfully

cc: Hon. Chief Justice Edward R. Korman                Mark Gaines
U.S.D.Ct./E.D.N.Y.    (Do not write below this line)

DISPOSITION:
225 Cadman Plaza
Brooklyn, NY 11701

P.a Taggett
Pro Se Clerk
Ct. of appls.
Third Circuit
601 Market Street
Phila, Pa. 19106

Hon. Justice William W. Caldwell
U.S.D.Ct / M.D. Pa
P.O. Box 983
228 Walnut Street
Phila, Pa. 19106

| Staff Member | Date |
|---|---|
|  |  |

P.E. 97

# FEDERAL CORRECTIONAL INSTITUTION
## CUMBERLAND, MARYLAND

## ADMINISTRATIVE REMEDY ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.13, Administrative Remedy Program, requires, in mos
cases, an attempt at informal resolution prior to issuing a formal request form.

Inmate Name: Givens, M.          Reg. No. 24646 053     Unit A

Nature of the Complaint: Staff Negligence Memorandum prohibiting
procurement/possession of legal materials (BP & SAP) violates
constitutional rights enabling "Access to the Courts" mandated &
secured by the U.S. Constitution's 1st, 4th, 5th & 6th Amendmen

What Resolution Is Requested? This Memorandum; Policy Statement;
Form Appended is Abrogated in the interest of Justice.

Efforts Made to Resolve the Grievance: Discussed with A.W. Bogdan
Inmate Request to Warden Sherman & A.W. Ausborn

Counselor's Comments: _____

_____          _____
Unit Manager's Review/Date                Correctional Counselor/Date

Counselor fills in dates below:
Informal resolution form issued to inmate: 1.15 10/11/01  1st issue
Informal resolution form returned to Counselor: _____
BP 229(13) issued to inmate: _____
BP 229(13) returned to Counselor: _____          PS 7P

Jul 2

Inmate: Mark Graves    24676-055

Date: October 11, 2002

Re: BP-8 - Continuation Page   P.s 1330.13(8)(C)(3)

Constitutional violations will incur upon restrictions to possess, procure Pre-Sentence Report, which is essential to access to the courts. An Act of Congress has delegated these documents essential (18 USC Sections 3552 and 3553) to sentencing where the Sentencing Court determines the sentence to be imposed (Sentencing Guideline or Provisional Sentence) pursuant to Rule 32 of the Federal Rules of Criminal Procedure. It is in addition here that the judgment and commitment are conjoined. Relevant are such, especially to my pro se litigation, currently before the U.S. Sup. ct. and district court (i.e., Rules 10, 11, 16, 17, 27, 28, 29, and 30 (court of Appeals Appellate Procedures and Rules); Rules 14, 15, 18, 21, 22, 24, 25, 26, 36, 37, 44, (Supreme Court Rules) are rules governing litigation in criminal and civil cases (28 USC Sections 2241, 2255, 1331; 42 USC Section 1983 Rule 60(6); Rule 33; Rule 35 (old one/new law).

Pertinent here is a Prisoner's Right to "Access to Legal Materials" (Constitutional Rights of Prisoner's Rights, Ch 7: 7.9 and 7.12) "Confiscation of significant legal documents" are forbidden. The "threatened, Intimidated (P.s 3420.08) with disciplinary actions falls within Retaliatory actions hereto. In addition, this Memorandum discriminates, in that, possession of other relevant legal materials prejudice this matter, comparably where inmates similarly subjected and affected possession of their Pre-Sentence Reports and Judgment and Commitment and legal materials ensures violations of Equal Protection. To further this matter, privacy to obtain papers (legal) to be seized are violative of Fourth Amendment Rights; therewith First Amendment (Right to Petition the Government for Redress of Grievances); Fifth Amendment (deprivation of Life, Liberty, or Property without due process of law; similar situated persons or classes, similar treatment under the law); Sixth Amendment (trial by jury; informed of nature & cause of accusations (PSI furthers indictment charges & accusations (Enhancements Per Sent. Guidelines). It is here that B.O.P. Staff (Executive, Administrative in Custody) are to be cognizant of Prisoner's Rights (Prisoner's Rights, Standard 2.18(1)(C) "Assure wide distribution & understanding of the rights of offenders among both offendees and correctional staff". Thus, there is not a Statutory Law Prohibiting...   P.s 7



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_Federal Correctional Institution_
_Cumberland, Maryland 21502_

Date:       October 7, 2002

Reply To
Attn Of:    Bobby P. Shearin, Warden

Subject:    Re-Issued Program Statement No. 1351.05, <u>Release of
            Information</u> (09/19/02)

To:     Inmate Population

Effective November 2, 2002, inmates may not obtain or possess
photocopies of their Pre-Sentence Reports (PSR) and/or the Statement of
Reasons (SOR) from their criminal judgements.  Re-issued Program
Statement No. 1351.05, <u>Release of Information</u> (09/19/02), makes this
change.  This policy change responds to the emerging problem of inmates
pressuring other inmates for a copy of their PSRs and SORs to learn if
they are informants, gang members, have financial resources, etc.  This
policy change will help the Bureau better protect the safety and
security of its institutions, inmates, staff, and the public.

1.   Inmates are immediately prohibited from obtaining photocopies of
PSRs and SORs.  Any pending or future requests for photocopies of these
documents are denied.  You may still review your PSRs and SORs locally,
as scheduled with your unit team.

2.   No later than November 2, 2002, you must remove from the
institution any copies of PSRs and SORs currently in your possession.
After this "grace period," you will be subject to disciplinary action
for possession of contraband.  You may dispose of your photocopied PSRs
and SORs by any of the following methods:

        1.   Mailing the material out of the institution to any
             person you choose;

        2.   Destroying and discarding the document(s) yourself; or;

        3.   Delivering the document(s) to a staff member for
             destruction.

3.   A new form (BP-S757.013) is available to inmates which allows you
to present your PSRs and SORs to courts in which you are involved in
litigation.  A copy of the new form is available to you in the housing
units and law library.  The new form includes instructions for its use.

Contact your unit team with further questions on this new policy.

P.E. 80

AUG 02     INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF
           PRESENTENCE REPORT AND/OR STATEMENT OF REASONS   CDFRM

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISON

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in th
following current cause of action or appeal (indicate current case caption, docket no.
judicial district, etc.):

My current cause of action or appeal is (check all that apply):

_____ A direct appeal of my original criminal conviction or sentence (filled with the
      (U.S. Court of Appeals);

_____ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, o
      appeal of its denial, regarding my criminal conviction or sentence (filled with
      sentencing court or U.S. Court of Appeals); or

_____ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc.
      (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-
Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where
necessary, from my **underlying criminal case**, described as follows (indicate underlying
criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

This form is for informational and notification purposes, and is not intended to create
a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature | | |
|---|---|---|
| | | Inmate Printed Name |
| Reg. No.: | Date Signed | |
| | | Institution Address |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing
copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from
criminal judgements. This form is for you to **ATTACH** to any court action where, as
part of your cause of action or appeal, you request the court to consider your PSR
or SOR. Complete this form as indicated, and submit it as an **ATTACHMENT** to your
pleading to the court considering your current cause of action or appeal. This
form is not a pleading, but an **ATTACHMENT** requesting the court obtain and consider
your PSR and/or SOR when needed. You only need this form when your cause of action
involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s)
of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)

P.E. 81

~S148.055 INMATE REQUEST TO STAFF CHRM
P 98
S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISON

): (Name and Title of Staff Member)          DATE:
A W Bogdan                                   _10-11-00_

OM: Graves, M                                REGISTER NO.:
                                             _04146-083_

RK ASSIGNMENT: _F/_                          UNIT:
                                             _A1_

JECT: (Briefly state your question or concern and the solution you are requesting.
tinue on back, if necessary. Your failure to be specific may result in no action being
en. If necessary, you will be interviewed in order to successfully respond to your
quest.)

_Fiscal Mons Precluding _____ Due Prac____
viol__ constitutional right to _____
Amended Request to Retain my Core given due
to one given litigation & Right to process. Request
No disciplinary action or retaliation taken hereto._

                                             _Thank you._

                    (Do not write below this line)

SPOSITION:

                    ff Member              Date

                                                         P.E. 82

UNITED STATES DISTRRCT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

Mark Garnes,                              :

    Defendant/Movant        :.

    -against-                 :        Docket Nos.: 68-Cr-496(ERK)
                                          :                    96-CV-4357(ERK)
United States of America,                 :
    Respondent.               :

------------------------------X

*Order*
*Flee U.S. Attorney*
*is directed to*
*reply to this*
*motion w/in*
*30 days. gh form*
*CkOD J*
*8/30/02*

## MOTION PURSUANT TO
## 60(b)(2) and (6) UNDER
## THE FEDERAL RULES OF CIVIL
## PROCEDURE SEEKS RELIEF
## FROM JUDGMENT

**NOW COMES**, Mark Garnes, Movant, pro se, hereby moves the
Honorable Court to relieve defendant/movant from the judgment
imposed by the Court thereon July 30th, 1999.

On July 30th, 1999, the Honorable Court here partially
rendered movnat's petition pursuant to 28 U.S.C. § 2255, in
favor of movant.  However, the Honorable Court did not oblige
movnat's remaining claims therein the 28 U.S.C. § 2255.  In
which, the fourth count of the indictmentwas vacated, movant
was then enhanced two points for possession of a firearm in
accord to the United States Sentencing Guidelines, § 2D1.1(b)
(1).

Here now, movant seeks relief from the enhancements
therein the Pre-Sentence Report, in which the Honorable Court
adopted there at sentencing on January 4th, 1991 and there at
re-sentencing on July 30th, 1999.

Movant here asserts that relief may be granted pursuant

P.E. 82

** TOTAL PAGE.02 **



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    OCT 0 1 2002    ★

P.M. _____
TIME A.M. _____

*156 Pierrepont Street*
*Brooklyn, New York 11201*

September 28, 2002

Honorable Edward R. Korman    *The application is*    ✓    *granted/*
United States District Judge    *denied.*
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201    Edward R. Korman

Re:    Mark Garnes v. United States;    9/30/02
        Criminal Docket No. 88-496 (ERK)
        Civil Docket No. 96-4357 (ERK)

Dear Chief Judge Korman:

        By order dated August 30, 2002, handwritten on a motion
of defendant-movant Mark Garnes dated July 13, 2000, seeking
post-conviction relief based on <u>Apprendi v. New Jersey</u>, 530 U.S.
466 (2000), Your Honor directed the government to respond on or
before September 30, 2002.  This letter is submitted as a request
for an extension of time up to and including November 15, 2002,
within which to respond.  I am currently preparing for trial in
<u>United States v. Marvin Rubenstein, et al.</u> to begin before Judge
Block on October 7, 2002, and otherwise have other imminent
deadlines which prevent me from addressing the motion by
September 30, 2002.

        Thus, the government respectfully requests that the
time within which the government may respond to the motion be
extended to November 15, 2002.

                            Respectfully yours,

                            ROSLYNN R. MAUSKOPF
                            UNITED STATES ATTORNEY

                    By:     _____
                            Andrew J. Frisch
                            Assistant U.S. Attorney
                            (718) 254-6287

cc:    Mark Garnes
        No. 24646-053
        P.O. Box 1000-A1
        Cumberland, Maryland 21501

                                                    P.E.84    38

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

MARK GARNES,

                              Petitioner,

              - against -

UNITED STATES OF AMERICA,

                              Respondent.
------------------------------------------------X

00 Civ. 4549 (ERK)

ORDER

Korman, Ch.J.,

          The motion pursuant to F.R.Civ.P., Rule 60(b) is treated as a second successive petition for a writ of habeas corpus. The first petition was granted in part and denied in part. The Second Circuit recently affirmed the part of the order denying the petition. United States v. Garnes, 216 F.3d 1073 (Table), 2000 WL 898881 (2d Cir. June 29, 2000). Because this is a second petition, it is referred to the Court of Appeals for an order that authorizes me to consider it. See Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998). Petitioner cannot avoid this precondition by characterizing his motion as one pursuant to F.R.Civ.P. Rule 60(b). See D'Amico v. United States, 2000 WL 686371 (S.D.N.Y. 2000) (Leisure, J.) (for a thorough discussion of this issue).

          I add these words by way of assistance to the Court of Appeals. While petitioner has raised a number of claims that do not appear to have merit, the petition contains a potentially meritorious legal claim under the holding of the Supreme Court in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). The Supreme Court there held that, other than the fact of a prior conviction, any fact that increases the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. In petitioner's case the drug quantity, which was not submitted to the



J.A.32  P.E.17
P.E.85

jury, increased petitioner's sentence by five years. I attach a memorandum from our Senior Deputy Probation Officer discussing the issue.

The principal hurdle facing petitioner's application is the condition that the order permitting the filing of a second successive petition contain a certification that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (last paragraph). While <u>Apprendi</u> appears to be new law as that term is used, it arose on direct appeal and does not contain any express ruling on its retroactive application on collateral review.

In sum, with these words of assistance, the Rule 60(b) motion is treated as a second successive petition for a writ of habeas corpus and is referred to the Court of Appeals.

SO ORDERED.

Brooklyn, New York
August 4, 2000

Edward R. Korman
United States District Judge

J.A. 33    P.E 18



# MEMO

Date:      August 1, 2000

To:        HONORABLE EDWARD R. KORMAN
           Chief U.S. District Judge

From:      TONY GAROPPOLO
           Senior Deputy Chief U.S. Probation Officer

Re:        U.S. v. Mark Garnes
           88-CR-496 (ERK)

I reviewed the attached petition from Mark Garnes who is presently serving 300 months after a re-sentencing by Your Honor on July 30, 1999. This was a jury verdict drug case. Although the judgment appears to reflect that the Conspiracy to Distribute Heroin and 18 USC 924(c) gun counts were vacated, with the defendant only re-sentenced on the cocaine base count, I have learned from your case manager that Garnes was re-sentenced on both the heroin and cocaine base counts.

Arguably, the defendant has an *Apprendi* issue. It seems clear that Your Honor found the guideline range to be 360 months to life, partially based on an amount of cocaine base being at least 50 grams (which elongated the statutory penalty on that count to 10 years to life). The heroin count carried a 20 year statutory maximum. *Apprendi* appears to reduce the cocaine base count penalty to 20 years, but the court would still have had statutory room for a 300 months sentence (achieved via a downward departure from 360 months) by sentencing the defendant to 240 months on one drug count and 60 months consecutive on the other, for an aggregate sentence of 300 months. The problem is that page 2 of the amended judgment (attached) does not break down the 300 month sentence by counts, so it cannot be determined how the court statutorily achieved its aggregate sentence. It seems that another re-sentencing may be necessary.

Jb
attachment

J.A.34      P.E.19