OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

**Marcia M. Waldron**
**Clerk**

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

**Telephone**
**267-299-4920**

**www.ca3.uscourts.gov**

March 17, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 02-1910**
**Garnes   vs. Atty Gen USA**
**D. C. CIV. No. 00-cv-00700**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment order in the above-entitled case(s). The certified judgment order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment order is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

*Susan M. Acerba /cmd*

By:   Susan M. Acerba
      Case Manager

Enclosure

cc:
      Mr. Mark Garnes
      Kate L. Mershimer, Esq.

**CPS-20**

## UNREPORTED-NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 02-1910

---

### MARK GARNES,
#### Appellant

#### v.

**JOHN ASHCROFT, United States Attorney General;**
**KATHLEEN HAWK, Director, United States Bureau of Prisons;**
**JAKE MENDEZ, Warden; MICHAEL ZENK, Warden;**
**HOLDER, (FNU), Warden; MIKE NELSON, Internal Affairs Division;**
**CONNIE STEVENS, Internal Affairs Division;**
**VERNON, (LNU), Internal Affairs Division; ZODA, (FNU), LIEUTENANT;**
**T. SHIMKUS, United Manager; GUYER, C.O. Correctional Officer; W. H.**
**LANE, Education, Officer; R. ENDERS, Education Technician;**
**FEGLEY, (FNU) Inmate Systems, Management; (FNU)(LNU), Inmate Systems**
**Management**

---

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-0700)
District Judge: Honorable William W. Caldwell

---

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 31, 2002

Before: NYGAARD, FUENTES and STAPLETON, <u>CIRCUIT JUDGES</u>

(Filed        November 21, 2002                    )

---

# OPINION

---

**PER CURIAM**

Mark Garnes, a former inmate at the Federal Correctional Institution Allenwood ("FCI-Allenwood"),[1] filed this civil rights action, in which he alleges violations of his rights to due process, equal protection and access to courts. He named fifteen defendants in their official and individual capacities.[2]

In an order entered February 15, 2001, the United States District Court for the Middle District of Pennsylvania dismissed most of Garnes' claims under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The only remaining claim was denial of access to the court against Fegley. On May 10, 2001, the District Court denied Garnes' motion for reconsideration. On May 29, 2001, Fegley filed a motion for summary judgment. On June 14, 2001, Garnes filed a motion for summary

---

[1] Currently, Garnes is incarcerated at the Federal Correctional Institution Elkton, in Lisbon, Ohio.

[2] Janet Reno, former United States Attorney; John Ashcroft, United States Attorney General; Kathleen Hawk, Director United States Bureau of Prisons; Jake Mendez, former FCI-Allenwood Warden; Michael Zenk, FCI-Allenwood Warden; Warden Holder, Metropolitan Detention Center; Mike Nelson, Internal Affairs agent for the Bureau of Prisons; Connie Stevens, Internal Affairs agent for the Bureau of Prisons; Vernon (FNU), Internal Affairs agent for the Bureau of Prisons; former Special Investigation Services Lieutenant Zoda (FNU), Bureau of Prisons; T. Shimkus, Unit Manager at FCI-Allenwood; GUYER (FNU), Correctional Officer at FCI-Allenwood; W. H. Lane, Education Supervisor for Bureau of Prisons; R. Enders, Education Technician for Bureau of Prisons; Inmate Systems Management Staff Officer Fegley (FNU), FCI-Allenwood; and Inmate Systems Management supervisor Metropolitan Detention Center (name unknown)

judgment. By order entered March 19, 2002, the District Court granted Fegley's motion for summary judgment, denied Garnes' motion for summary judgment and terminated the case. Garnes timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court identified four causes of action: unlawful placement in administrative segregation without due process; unlawful deprivation of work assignment without due process and equal protection; denial of access to courts by Fegley, and denial of access to courts by Defendants Shimkus and Guyer. We agree with the District Court's reasoning as is thoroughly outlined in the February 15, 2001, May 10, 2001 and March 19, 2002 orders and agree with the dismissal of those claims. However, we believe that the District Court overlooked Garnes' additional claims of retaliation due to the exercise of his First Amendment right to free speech. See Plaintiff's Summary Judgment Motion at 7. Although we agree with Garnes that the District Court overlooked the retaliation aspects of two claims, the retaliation claims are without merit.

Garnes claims that he was not reassigned to work in the education department due to racial discrimination and that discrimination was "due to the allegations" of improper conduct between him and a staff member in the education department. See Complaint at 9. According to Garnes, he was interrogated during the resultant investigation by Internal Affairs of the Bureau of Prisons and refused to admit to having sexual relations with the staff member. See id. at 4-7. Garnes further contends that Fegley's motive in intentionally withholding Garnes' legal material "was ignited by the investigation not

3

proven that Plaintiff conducted unauthorized conduct with a female staff member" and "was spawn [sic] by" that investigation of those allegations.  See <u>Plaintiff's Summary Judgment Motion</u> at 4 and 5. Garnes claims that Fegley "impeded upon [his] right to access to the courts" in retaliation for his refusal to admit to an improper relationship during the Internal Affairs investigation. <u>Id</u>. at 7.

In order to sustain a retaliation claim, Garnes must establish that:  (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of prison officials; and (3) there was a causal link between the exercise of his constitutional rights and the adverse action taken against him.  <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir.2001).  This Court has also incorporated a burden-shifting analysis that allows prison officials to prove that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest, if the prisoner can demonstrate that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision.  <u>Id</u>. at 334.

It is reasonable to infer from his complaint that the substantial or motivating factor for reassigning Garnes' work detail was to prevent further misconduct allegations and was not in retaliation for Garnes' speech during the investigation.  <u>See</u> <u>Complaint</u> at 7-9. Despite his conclusory allegations of retaliation, Garnes has not shown a causal link between the reassignment and his speech during the investigation.  While he was reassigned because of the allegations, he was not reassigned because he denied the

4

allegations during the investigation. Even if he had admitted to having sexual relations with the staff member, he would have been reassigned.

Garnes also fails to show a causal link between Fegley's alleged denial of Garnes' access to courts and his involvement with and/or his knowledge of the internal affairs investigation, if any.[3] Although Garnes states that he and Fegley "have a history from a previous prison (USP Lewisburg), in which, [Fegley] is well aware of [Garnes'] litigation throughout the years," he has not connected Fegley in any way to the internal affairs investigation at FCI-Allenwood. See Plaintiff's Motion for Summary Judgment at 6.

By not establishing a causal link in either of his retaliation claims, Garnes has failed to satisfy the third prong of the Rauser test that is necessary to support a retaliation claim. Hence, we find that neither of Garnes' retaliation claims is legally cognizable. Furthermore, we find that the District Court properly granted Fegley's motion for summary judgment and denied Garnes' motion for reconsideration and motion for summary judgment. Accordingly, we will dismiss this appeal as lacking an arguable basis in law or fact pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

---

[3]The Court notes that Garnes did not make this retaliation claim against Fegley in his complaint. The first allegation of retaliation against Fegley is in Garnes' Motion for Summary Judgment. However, neither the District Court nor Fegley addressed his retaliation claim or the fact that it was not plead in his complaint.

5

## CPS-20

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 02-1910

MARK GARNES,
                              Appellant

v.

JOHN ASHCROFT, United States Attorney General;
KATHLEEN HAWK, Director, United States Bureau of Prisons;
JAKE MENDEZ, Warden; MICHAEL ZENK, Warden;
HOLDER, (FNU), Warden; MIKE NELSON, Internal Affairs,
Division; CONNIE STEVENS, Internal Affairs Division;
VERNON, (LNU), Internal Affairs Division; ZODA, (FNU),
LIEUTENANT; T. SHIMKUS, United Manager; GUYER, C.O.
Correctional Officer; W. H. LANE, Education, Officer;
R. ENDERS, Education Technician; FEGLEY, (FNU) Inmate Systems,
Management; (FNU)(LNU), Inmate Systems Management

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-0700)
District Judge: Honorable William W. Caldwell

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 31, 2002

BEFORE: NYGAARD, FUENTES and STAPLETON, <u>CIRCUIT JUDGES</u>

# JUDGMENT

This cause came to be heard on the record from the United States District Court for the Middle District of Pennsylvania. On consideration whereof, it is now hereby ORDERED AND ADJUDGED by this Court that the within appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). All of the above in accordance with the Opinion of this Court.

ATTEST:

*Acting Clerk*

DATED: November 21, 2002

**Certified as a true copy and issued in lieu**

**of a formal mandate on 3/17/03**

**Teste:**

**Clerk, U.S. Court of Appeals for the Third Circuit.**