APS-105
**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1143
_____

MARK GARNES,
                       Appellant

v.

JOHN ASHCROFT, United States Attorney General;
KATHLEEN HAWK, Director, United States Bureau of Prisons;
JAKE MENDEZ, Warden; MICHAEL ZENK, Warden;
HOLDER, (FNU), Warden; MIKE NELSON, Internal Affairs,
Division; CONNIE STEVENS, Internal Affairs Division;
VERNON, (LNU), Internal Affairs Division; ZODA, (FNU),
LIEUTENANT; T. SHIMKUS, United Manager; GUYER, C.O.
Correctional Officer; W. H. LANE, Education, Officer;
R. ENDERS, Education Technician; FEGLEY, (FNU)
Inmate Systems, Management; (FNU)(LNU), Inmate Systems
Management
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-00700)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
February 5, 2004

Before: SLOVITER, ROTH AND AMBRO, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed    February 27, 2004    )

_____

OPINION

_____

PER CURIAM.

    Mark Garnes, a federal inmate, filed this civil rights action in 2000 against the fifteen named defendants claiming unlawful placement in administrative segregation without due process; unlawful deprivation of a work assignment without due process and equal protection; denial of access to the courts; and retaliation due to the exercise of First Amendment rights.  On February 15, 2001, the District Court dismissed most of the complaint for failure to state a claim upon which relief may be granted.  On March 19, 2002, the District Court dismissed the remaining claims and closed the case.  This Court dismissed Garnes' appeal from the final judgment as frivolous.  See C.A. No. 02-1910.

    Garnes then filed three motions in the District Court: (1) motion for a preliminary injunction (docket #49), (2) motion for leave to amend the complaint (docket #50), and motion pursuant to Fed. R. Civ. P. 8(a)(1) (docket #51).  On December 3, 2002, the District Court dismissed Garnes' motions because "there is no pending case."  Garnes timely filed this appeal, which he has been granted leave to pursue in forma pauperis.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

    Gaines' motion for a "preliminary" injunction was based on grounds raised in his

dismissed complaint, as he asked "to remain legally unassigned from work details," "to utilize the legal law library upon opening 'til closing each day of the week and weekend," and for a transfer to MDC-Brooklyn. Mot. for Prelim. Inj. at 3. Because Garnes' complaint had already been dismissed, the District Court properly refused to entertain these requests for injunctive relief. Similarly, the District Court properly rejected the motion to amend the complaint and motion pursuant to Rule 8(a)(1), as this Court already had affirmed the dismissal of the complaint without leave to amend.

Insofar as Garnes wishes to raise new claims based on new allegations that have not already been adjudicated in this action, Garnes is free to submit to an appropriate District Court a new complaint along with the full filing fee or a motion for leave to proceed in forma pauperis. The complaint in the present action has been adjudicated on the merits and dismissed, and thus Garnes should refrain from continuing to pursue relief based on those claims.

For the foregoing reasons, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in law or fact. Garnes' pending motions before this Court for injunctive relief, insofar as they are premised upon allegations and claims that have not been previously adjudicated on the merits, are denied without prejudice to Garnes' right to seek such relief in an appropriate District Court as explained above.